THE STATE v. FINGER.

46 25
101 279
J101 284

1. **Municipal Corporations**: UNDER SPECIAL CHARTER: ASSESSOR. In a township whose limits are the same as those of a city acting under a special charter, 'the assessor is an officer of the township and not of the city, and he should be elected at the general township election.

> *Argument.* Section 390 of the Code, as amended by chapter 6, Laws of 1876, providing for the election of city assessors, is a law relating to the powers of cities organized under the general incorporation act, and hence, under section 21, chapter 116, Laws of 1876, it does not apply to those cities organized and acting under special charters.

*Appeal from Scott District Court.*

FRIDAY, APRIL 20.

THE city of Davenport was incorporated by a special act of the legislature. It has never abandoned its special charter In the year 1875 the township of Davenport was divi ded, and all that part thereof embraced in the corporate limits of the city was created into a district township, called " Township of the City of Davenport." The city and the township thus created embrace precisely the same territory. At the general election in November, 1876, the township elected all of its township officers for the ensuing year. At this election the relator, J. W. Jamison, claims that he was elected township assessor. He alleges that the defendant claims to be entitled to hold said office, and that such claim is wrongful and illegal.

The defendant claims that the election of an assessor at the general election was not authorized by law, but on the contrary that such officer was required to be elected at the annual city election, which by the charter of the city was required to be held on the first Saturday in April, and that, therefore, the votes cast for the relator at the general election were null and void.

He further alleges that at the annual municipal election in 1876 he was elected to the office of " assessor," without further designation of the particular office intended; and that no other or further election of any person as township assessor was had, or made, at said election; that in the month of January,

1877, no assessor for the township of the city of Davenport, for the term beginning on the first Monday in January, 1877, having been made, other or further than as above stated, the trustees of said township duly appointed the defendant assessor of said township for said term, as provided by law in case of a vacancy in said office.

There was a demurrer to the answer which was sustained. The defendant elected to stand upon his answer, and the court adjudged that said Jamison was duly elected to said office, at the general election in November, 1876, and having duly qualified is entitled to hold the same. The defendant appeals.

*Putnam & Rogers*, for appellant.

*Cook & Richman*, for appellee.

ROTHROCK, J.—The only question presented in argument is whether the law requires the assessor to be chosen at the general election, or at the annual municipal election. The cause has been ably and exhaustively argued by counsel for the respective parties, and yet it is a matter of no little difficulty to arrive at a conclusion satisfactory to our own minds. It is stated in the argument for the relator that "there is something to be said in favor of either view," and in the argument for defendant "that he who attempts to thread the mazes of the Iowa statute law of municipal corporations had best take heed to his steps."

We will proceed to examine the several provisions of the statute which in our judgment are necessary to be construed in determining the question submitted. Section 389 of the Code provides that in each township there shall be elected one assessor. By Sec. 390 an exception was made in townships in which is situated a city or incorporated town. The section is in these words:

1. MUNICIPAL corporations: under special charter: assessor.

"SEC. 390. In any township in which is situate a city or incorporated town, two township assessors shall be elected, one by the voters of said township residing without the corporate limits of said city or town, at the general election, and the other by the voters thereof residing within such limits, at

the municipal election in said city or town, and each in the discharge of his duties as assessor shall be confined to that portion of his township in which he is elected, as hereinbefore provided; and said city or town assessor shall hold his office for one year from the first of January next ensuing."

By chapter 6, of the acts of 1876, section 390 of the Code was repealed and the following was enacted in lieu thereof:

"Sec. 390. In any township a part of which is included within the incorporated limits of any incorporated city or town, the qualified voters of such township, residing without the corporate limits of such city or town, shall at the general election in each year elect an assessor in the same manner as provided by law for the election of township assessors, and the qualified voters of each incorporated city or town, whether such city or town embraces one or more townships or parts of townships, shall, at the municipal election in said city or town, elect one assessor *for said city or town*, and such assessors shall be limited in the discharge of their duties to the limits in which they are elected, and such city and town assessors shall hold their office for one year from the first of January next ensuing."

The real point of difficulty in the case is, whether the provision for the election of an asseessor at the annual city election applies to cities incorporated by special charter. It is conceded that section 390 as contained in the Code, and as amended, applies to cities organized under the general incorporation law. Counsel for the relator contend that it has no application to cities existing under special charters, and that the assessor in such cities should be elected at the general election, when the other township officers are elected; that the office of assessor provided for by the section in question is a city office, created by a statute having no reference to cities existing under special charters, and that, therefore, it must be held to apply only to cities incorporated under the general incorporation law.

Upon the part of appellant it is argued that the office is a township office; that it provides for the election of an assessor in both classes of cities and towns, and that being a township

office the statute making provision for the office is not a law as to the powers of cities; that this statute has nothing to do with municipal corporate powers; that it "neither adds to nor subtracts from the powers vested in any municipal corporation in the State."

The prior legislation upon the subject of the election of assessors at city elections is reviewed in argument; one side contending that it applied to both classes of cities, and the other that it was limited to those existing under the general incorporation law. In our view of the question, the prior legislation upon the subject does not aid in the construction of section 390, as amended, when it is considered in connection with another section of the laws of 1876, to which we will presently call attention.

In *Grant v. The City of Davenport*, 36 Iowa, 396, it was held that the act of the legislature, chapter 78, laws of 1872, providing that "all cities, incorporated towns and villages" were authorized to construct water works, applied to both classes of cities, because by its terms it included all cities. This was before the enactment of the Code. By section 21, p. 106, of the laws of 1876, it was enacted as follows:

"No general law as to powers of cities organized under the general incorporation act shall in any manner be construed to affect the charter or laws of cities organized under special charters, and while they continue to act under such charters, unless the same shall have special reference to such cities."

This section was enacted after the decision in the case of *Grant v. The City of Davenport, supra*, and by its provisions we must be governed in construing the statute now in force for the election of assessors in incorporated cities and towns.

In order to hold that section 390 includes cities existing under special charters, we must find that it has special reference to such cities. No such special reference is made either in the section as it appears in the Code or as amended by the act of 1876. This proposition must be conceded if it be held that section 390 as amended is "a law as to powers of cities organized under the general incorporation act."

We believe that it is such a law. Without section 390, as amended, all the townships in the State would elect a township assessor at the general election, as provided in section 389, including as well those townships containing incorporated cities as those without such cities. It is also provided, in section 829 of the Code, that the township trustees shall constitute a board of equalization for their respective townships, and have power to equalize assessments within the same, except in such cities and towns as elect a township assessor, in which case the city council shall be the board of equalization.

It seems to us that section 390, as amended, and section 829 of the Code do materially affect the powers of cities incorporated under the general law. It confers upon them the power to choose the officer who shall make the assessment upon which their city revenue is to be raised. The city officers are required to canvas the vote and declare the result of the election; and section 829 confers upon the city council power to equalize the assessment for all purposes, including city, county and State taxes. As before remarked, it is conceded that all these provisions apply to cities existing under the general law.

We think section 390, as amended, if applied to the city of Davenport, would " affect the charter or laws " of the city. Its charter and ordinances make no provision for the election of an assessor for State and county taxation. The application of the law to the city would require the election of an officer at the city election who is not recognized by the charter or any ordinance of the city. We are unable to see, if the act in question is applicable to a city existing under a special charter, why section 829 is not also applicable. If it should be so held, the city council would be required to act as a board of equalization. This would affect the charters or laws of cities existing under special charters in a most material respect.

In our judgment it is not a material inquiry in the case whether the assessor to be elected be denominated a township or a city officer.

Our conclusion is that the law for the election of an assessor

at the annual city election has no application to cities incorporated under a special charter; that the relator was rightfully elected assessor for all purposes excepting the assessment of property for city taxation, and that his assessment should be returned to the township trustees, who should act as a board of equalization of the assessment.

AFFIRMED.