KINSEY v. SWEENEY, MAYOR, ET AL.

1. **Taxes**: EQUALIZATION OF BY COUNCIL OF CITY ACTING UNDER SPECIAL
CHARTER. The special charter of the city of Wapello (Laws of 1856,
Ch. 20) confers upon the city council the power to equalize the assessments
of taxes within its limits; and this power is not taken away, but is con-
firmed, by subsequent legislation of a general character. See statutes
cited in opinion.

*Appeal from Louisa Circuit Court,*

THURSDAY, APRIL 10.

THE council of the city of Wapello, sitting as a board for
the equalization of taxes, corrected the assessment made upon
the personal property of plaintiff, by adding to the valuation
thereof the sum of $400. From this action plaintiff appealed
to the circuit court, which, upon the trial of the case, reduced
the assessment as corrected by the council to the amount
originally fixed by the asssessor. From this judgment de-
fendants appeal.

*Newman & Blake,* for appellants.

*E. W. Tatlock,* for appellee.

BECK, J.—I. As we understand the abstract upon which
this case is submitted for decision, the only evidence intro-
duced upon the trial in the court below consisted of the ordi-
nance of the city providing for the assessment of property for
taxation, and for the levy and collection of taxes, together
with the record of the proceedings of the city council acting
as a board of equalization, showing the proceedings complained
of by plaintiff. By this action the assessments of certain tax
payers were corrected by increasing the valuation of their
property, among whom was plaintiff, and some property was
stricken from the list, and the value of some property assessed
was diminished.

There is no evidence tending to show the invalidity of the assessment for any reason, whether it was or was not regularly made by a duly qualified assessor, nor is there any evidence tending to show that the assessment, as corrected by the city council, was not in accord with the *assessable* value of the taxable property of plaintiff found within the city. The only question in the case which can be considered, upon the abstract before us, involves the authority of the city council to act as a board for the equalization of taxes. If they possessed such authority, their action must be regarded as valid, for there is noting in the abstract before us tending to show any error or irregularity therein.

II. The city of Wapello exercises municipal powers under a special charter. See Acts Fifth General Assembly, (1856,) chap. 20. This charter provides for the election of an assessor, the collection of taxes by the marshal, after notice of the assesment and levy thereof, and the correction of the assessment by the council. §§ 9, 35, 36. It cannot be doubted that, under section 36, which authorizes the city council to correct assessments, it may discharge that duty by equalizing the taxes of the property owners, or, in other words, act as a board of equalization. And this, and nothing more or less, was done by the council, as is shown by the record of its proceedings before us.

III. Authority to equalize assessments for taxation, conferred by the charter upon the city, is not taken away by subsequent legislation. Chap. 99, Acts of the Seventeenth General Assembly (Miller's Code, p. 206) empowers any city acting under special charter to provide by ordinance for the collection of its taxes by the county treasurer, the county auditor being required, in such case, to enter the taxes, in accord with the levy made by the city and its assessment roll, upon the county tax books. A prior statute (§ 16, chap. 116, Acts Sixteenth General Assembly—Miller's Code, p, 145) authorizes cities organized by special charter to empower officers, other than those designated in these charters, to collect

their municipal taxes.   Code, section 829, provides that, in cities which elect township assessors, the councils shall constitute boards of equalization.   It thus appears that in cities having special charters the taxes may be collected by the county treasurer, when so provided by ordinance, and the councils shall act as boards of equalization.   The abstract before us shows that the city of Wapello provided for the collection of its taxes through the county treasurer.   Under the statutes above cited, the assessment by its assessor was lawfully equalized by the city council.

As we have before intimated, no question arises as to the authority of the assessor making the assessment in question. *The State v. Finger*, 46 Iowa, 25, cited by plaintiff's counsel, has no bearing upon this case.   The judgment of the circuit court must be

REVERSED.