## GAMEWELL FIRE-ALARM TEL. CO. v. CITY OF LAPORTE.

### (Circuit Court, D. Indiana. October 4, 1899.)

### No. 9,737.

1. MUNICIPAL CORPORATIONS—LIMIT OF INDEBTEDNESS—CONTRACTS.

Under the provisions of Const. Ind. 1851, art. 13, that no political or municipal corporation in the state shall ever become indebted in any manner or for any purpose to an amount in the aggregate exceeding 2 per centum of the value of the taxable property therein, to be ascertained by the last assessment for state and county purposes, a party contracting with a city which is indebted to the constitutional limit is charged with notice of such fact, and, if the contract purports to charge the city with any liability, the parties are in pari delicto, and the creditor cannot maintain an action in a court of equity to enforce any claim against the city growing out of such contract.[1]

2. SAME—RIGHTS OF PARTY UNDER INVALID CONTRACT.

Complainant entered into a contract with defendant city to install for its use a fire and police telegraph system, defendant to furnish right of way for the circuit, a room for a station, the use of certain poles, etc. The city was already indebted beyond the constitutional limit, of which fact both parties had knowledge. The system was installed, and an action was brought for the price, in which the state courts held the contract to be void. Complainant then filed a bill in equity to charge the city with rental for the system, or to compel it to transfer the system as a whole to complainant; the bill alleging that it was in operation, and that its parts could not be separated without irreparable injury. Held, that the contract did not create any liability against the city, either express or implied, or any equitable right in complainant to possession of the property of the city which formed a part of the system as an entirety.

In Equity. This was a suit for equitable relief against a city on account of the construction for its use of a fire and police telegraph system under a contract subsequently held void by the state court.

Morris, Newberger & Curtis, for complainant.
W. C. Ransburg and John H. Bradley, for defendant.

BAKER, District Judge. On the 16th day of July, 1890, the complainant entered into a contract in writing with the defendant, agreeing to install a fire alarm and police telegraph system in said city for $3,500, on the condition that the defendant should furnish a suitable room for the central, or battery, station, should secure the right of way through the public streets for the wire circuit, should give the use of all poles then standing that were owned or controlled by the city, and the use of a bell to be furnished by the city for giving alarm. It is alleged in the complaint that, in strict conformity with

---

[1] As to constitutional and statutory limitations upon municipal indebtedness in general, see note to City of Helena v. Mills, 36 C. C. A. 6.

the specifications and conditions of the contract, the fire alarm system was installed in said city and was accepted by it. The conditions of the contract could not have been conformed to without the city having furnished, for the purpose of installing the plant, the room for the central station, the easement of way through the streets, the use of the poles owned by the city, as well as the use of the alarm bell. The complaint sets out a copy of an opinion signed by the then city attorney of Laporte, which plainly discloses that the disability of the city to enter into the contract was within the contemplation of both parties, growing out of the fact that the city was then indebted in excess of 2 per centum of the assessed valuation of the property in said city. It is also alleged that the complainant brought suit in the Laporte circuit court for the purpose of recovering the contract price of the plant, and that, on appeal, it was decided by the supreme court of this state that the contract was void, and that no recovery could be had for the value of the labor and materials furnished in installing the plant, either upon the written contract or upon an implied contract. It is further alleged in the complaint that the defendant has been put to some expense and outlay for repairs, betterments, and additions to said plant and system, the amount of which is not known to the complainant. It is also alleged that the plant is now a going concern, and that the complainant is ready and willing to operate the system for the use and benefit of the city, upon the condition that the city shall pay a reasonable rental for the past use of it, and a like reasonable rental for its future use. It is also alleged that the system is complete and entire, and incapable of dismemberment and disintegration, without destroying the use thereof, and without doing irreparable injury to the several parts composing the same. The prayer of the bill, aside from the prayer for a temporary restraining order, is that an account be taken for the past use of the system by the defendant, and that it be ordered to pay the complainant the amount found due and owing for such use; that it be declared and adjudged that the defendant is, and since the delivery to it of said plant has been, a trustee holding the plant, and every part thereof, and all the easements, franchises, and privileges thereunto appertaining, for the use and benefit of the complainant, subject only to the public burden and duties necessarily incident to the use thereof for public safety and convenience, and that, unless some arrangement mutually satisfactory to said defendant and complainant be made, the defendant, as such trustee, be required and compelled to make over unto the complainant the possession of said fire-alarm plant, and every part thereof, together with all easements, franchises, and privileges appurtenant thereto, as an entire plant and property; and that the court will forever enjoin and restrain the defendant, and all its officers, agents, attorneys, and employés, from interfering with the complainant, and its officers, agents, and employés, in the management and operation of the said system and plant, after the same shall have been made over to the complainant, and from interfering in any wise with the disposition or use thereof. To this complaint the defendant has interposed a demurrer, and in argument has insisted—First,

that the complainant has an adequate remedy at law; and, second, if it has no remedy at law, that it is not entitled to relief on the facts set out in the bill, in a court of equity.

In the view that the court takes of the case, it is not necessary to consider whether the remedy of the complainant, if it is entitled to one, is by an action at law, either for the recovery of the property in specie, or for the conversion of it by the defendant. The constitution of this state provides that:

"No political or municipal corporation in this state shall ever become indebted in any manner, or for any purpose, to an amount in the aggregate exceeding two per centum of the value of the taxable property within such corporation, to be ascertained by the last assessment for state and county taxes previous to the incurring of such indebtedness; and all bonds or obligations in excess of such amount given by such corporation shall be void." Const. 1851, art. 13.

In the case of City of Laporte v. Gamewell Fire-Alarm Tel. Co., 146 Ind. 466, 45 N. E. 588, in the supreme court of this state,—a suit between the present complainant and defendant upon the contract set out in the present bill,—it was held that the complainant was required to take notice of the fact that the defendant was indebted at the time the contract was made beyond the constitutional limit, and therefore that the city had no power to become indebted in any manner or for any purpose; and it was further held that the city had no power to become indebted to the complainant, and that the common council of the city had no power to ratify or validate the same by resolution or otherwise. If the principle so announced by the supreme court in the suit between the parties to the present bill is not binding, the doctrine so announced is thoroughly well settled as the general rule of law. Any person dealing with the officers of a municipal corporation is bound to take notice of any constitutional limitation on their power to bind the corporation. In the present case the complainant is chargeable, not only with notice of the constitutional prohibition, but also chargeable with notice of whatever the public records of the city disclose as to the amount of the city's indebtedness, and notice of the records of the county and state as to the value of the taxable property in the city. So that, when the complainant entered into the contract and installed the plant, it was charged with notice and knowledge that the city had no power to incur the indebtedness in any manner or for any purpose in connection with the plant so installed. As said by the supreme court of the United States in Litchfield v. Ballou, 114 U. S., on page 192, 5 Sup. Ct. 821:

"The language of the constitution is that no city shall be allowed to become indebted in any manner or for any purpose to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of its taxable property. It shall not become indebted,—shall not incur any pecuniary liability. It shall not do this in any manner. Neither by bonds, nor notes, nor by express or implied promises. Nor shall it be done for any purpose, no matter how urgent, how useful, how unanimous the wish. There stands the existing indebtedness to a given amount, in relation to the sources of payment, as an impassable obstacle to the creation of any further debt in any manner or for any purpose whatever. If this prohibition is worth anything, it is as effectual against an implied as an express promise, and is as binding in a court of chancery as in a court of law."

If the present bill can be maintained for the purpose of making the city pay a rental for the use of the property in the past and in the future, it does create a debt in violation of the prohibition of the constitution. If a suit can be maintained for the recovery of the rental value of property put in possession of the officers of a municipal corporation under the circumstances shown in this case, it would result in evading and defeating the operation of the constitutional prohibition. It would be an easy matter, under the guise of a contract of sale, to install a fire-alarm plant, or other plant, in a city indebted in excess of the constitutional limitation, and, when payment was refused in accordance with the terms of the contract, to sue the municipal corporation as a trustee, and charge it with the rental value of the plant so installed, for its past and future use. Such a construction would be an invitation to unscrupulous parties and faithless public officers to disregard the rights and interests of the taxpayers of the city, and to fasten an endless burden of indebtedness upon them.

But in this case there are other difficulties in the way of maintaining the present bill. The most favorable view that can be taken of the complainant's situation is that it and the defendant are in pari delicto. Where both complainant and defendant are in equal wrong, a court of equity will not lend its aid to extricate either from the position of wrong into which it has knowingly and purposely placed itself. As was said by the supreme court of Ohio in the case of Bridge Co. v. Campbell, 54 N. E. 372, 376: "In this case, both parties have acted in disregard of the statute, and the court will leave them where they have placed themselves, and refuse to aid either." Perhaps the complainant and defendant in this case are not participes criminis, as was said by the supreme court in Litchfield v. Ballou, supra, in the act of violating the constitutional prohibition, but surely they are in pari delicto, and equity will no more raise a resulting trust in favor of the complainant than the law would raise an implied assumpsit in favor of a party charged with the violation of a public policy so strongly declared.

Another objection to this assertion of right to the property as a going concern is that the plant is not entirely the property of the complainant. The poles of the city, the easement of way through its streets, the central station, the alarm bell, and certain betterments and additions alleged to have been made to the plant, belong to the city; and it is alleged that the property furnished by the complainant and annexed to the city's property is incapable of separation from it without irreparable injury. Without the poles and the use of the streets, and the other property furnished by, and belonging to, the defendant, the value of the remainder of the plant as a going concern is gone. The court has no rightful power to take from the defendant, either before or after compensation made, the property which belongs to the defendant. The court is clothed with no power to make either a contract for the sale or rent of this property on behalf of the city. In the property so furnished by the defendant it is manifest that the complainant has, and can have, no equity; and, on the complainant's own showing, it cannot separate its property

from the defendant's without irreparable injury. A wrongdoer cannot move a court of equity to do an irreparable injury to help him out of a situation into which he knew he had no right to put himself. For these reasons the demurrer to the bill will be sustained.