Cason v. City of Lebanon.

---

CASON v. CITY OF LEBANON ET AL.

[No. 18,480. Filed December 13, 1899.]

MUNICIPAL CORPORATIONS.—*Street Improvements.*—Municipal corporations have exclusive original jurisdiction over the streets and alleys within their limits, the whole matter of the improvement of the same, and the assessments to be made in aid thereof. *p. 572.*

SAME.—*Street Improvements.*—Streets may be improved under §§4288, 4289 Burns 1894, without a petition, and over the remonstrance of the abutting landowners, by a two-thirds vote of the council or board of trustees. *p. 572.*

SAME.—*Street Improvements.—Injunction.*—The power of determining the kind of street improvements, and when they are necessary, is vested in the municipal authorities, and the courts cannot control such discretionary power by injunction. *p. 572.*

SAME.—*Street Improvements.*—A contract entered into by a city with a railroad company to regrade and gravel a street occupied by its tracks, and keep same in good repair, will not deprive the city of the power to improve the street at the expense of the abutting property owners. *pp. 572, 573.*

SAME.—*Street Improvements.—Contracts.*—A contract for street improvements is not invalidated by an agreement entered into, binding the contractors to ship material for the improvement over a certain railway, where the ordinance and contract for the improvement made no reference to such agreement. *pp. 573, 574.*

SAME.—*Street Improvements.—Civil Engineer.*—A contract entered into for street improvements is not rendered invalid by reason of

| 153 | 567 |
| 154 | 523 |
| 154 | 533 |
| 154 | 698 |
| 155 | 73 |
| 155 | 74 |
| 155 | 170 |
| 156 | 404 |
| 153 | 567 |
| 162 | 456 |
| 162 | 485 |
| 162 | 503 |
| 153 | 567 |
| 171 | 127 |
| 171 | 263 |
| 171 | 282 |

the fact that the deputy civil engineer of the city was the father-in-law of one of the contractors.  *p. 574.*

INJUNCTION.—*Street Improvements.*—*Collateral Attack.*—A suit to enjoin the improvement of a street being a collateral attack upon the proceedings of the municipal officers, only such questions as go to the jurisdiction and power of such officers can be considered. *p. 574.*

MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Injunction.*—*Constitutional Limit of Indebtedness.*—A contract entered into for the improvement of a street at the expense of the adjoining property owners is not rendered invalid by reason of the fact that the city's part of the expense for the street and alley crossings creates an indebtedness beyond the constitutional limit.  *pp. 575-577.*

From the Boone Circuit Court.  *Affirmed.*

*T. J. Terhune* and *C. M. Zion,* for appellant.

*P. H. Dutch, W. A. Dutch* and *S. R. Artman,* for appellees.

MONKS, J.—This action was brought by appellant, a resident and taxpayer of the city of Lebanon, to enjoin said city from letting a contract for the improvement of a street in said city.    Afterwards supplemental complaints were filed making additional parties defendant.    Each of the appellees filed a demurrer for want of facts to the complaint and the same were sustained, and appellant refusing to plead further judgment was rendered against him on demurrer.

The assignment of errors calls in question the action of the court in sustaining each of said demurrers.

Omitting the formal parts of the complaint, it is averred that the tracks of the appellee, "the Chicago and Southeastern Railway Co., occupy the center of east Railroad street, along the full length thereof, and the same is used by the railroad company as a part of its line of railroad; that before said railroad was constructed on said street, said street had been improved by grading and graveling, according to the general plan of street improvement in said city; that said railroad was located on said street, and said railroad grade established, and said street cut down and excavated by the Anderson,

Lebanon & St. Louis Railroad Company, the first owners of said railroad property; that said railroad company was allowed and permitted by the town, now city, of Lebanon, and the owners of property abutting on said street, so to locate said railroad tracks and make said grade and cut down and excavate said street, upon the express agreement and consideration that said railroad company should, and would, regrade and gravel said street, and place the same in good condition and keep the same in good repair; that the track was constructed by the Midland Railway Company, a subsequent owner, which company also agreed to carry out the contract of the first owner; that the appellee, the Chicago & Southeastern Railway Company, one of the appellees herein, is now the owner of said railroad property, and that it assumed all the agreements, liabilities, debts, and legal obligations of said former railroad companies, and thereby assumed and agreed to improve said street by regrading and graveling the same according to the general plans for street improvement in said city; that said railroad companies have each and all failed and neglected to improve and repair said street; that the common council of the city of Lebanon, over the remonstrance of more than two-thirds of the property owners abutting on said street, without authority of law, entered into a pretended agreement with the Chicago & Southeastern Railway Company for the improvement of said street at the cost and expense of the property owners and city, releasing said railroad company from its obligations to improve said street and keep the same in repair at its own cost; that to carry into effect said agreement the common council of said city, on the 26th day of April, 1897, without any petition, passed a resolution for the partial improvement of said street, assuming to proceed under an act of the General Assembly of March 8, 1889, by paving with brick a strip thirteen feet wide on each side of the space occupied by the railroad track; also by constructing cement sidewalks on each side of said street, five feet in width, for the full length of the improvement; the

property abutting on said street to be assessed for said improvement, except part occupied by street and alley crossings, the cost of which was to be paid by the city. That afterwards on the 14th day of June, 1897, to further carry out said agreement with said railroad company for the improvement of said street, the common council passed an ordinance for the improvement of said street in accordance with said resolution; that at the time of passing said special ordinance the common council and the railroad company entered into a pretended contract which provided that, in consideration that the city of Lebanon pave said street with brick on each side of the railroad track to a width not less than thirteen feet, and otherwise improve said street, and bind the contractor doing the improvement of said street and sidewalk to ship all material for the improvement over said railroad, provided rates were equal (the railroad to furnish the gravel, and transport it to a suitable point to unload on said street, at sixty cents per cubic yard), and pay said railroad company ten·cents per cubic yard for loading the same. The railroad company was to improve said street by placing under its tracks new ties, good gravel under the same, and plank on inside and outside of its rails throughout the entire length of said street, and otherwise improve between its tracks by filling in with gravel and tamping same. This contract was executed June 4, 1897. That, in pursuance to said resolution and special ordinance and agreement with the railroad company, said city gave notice to contractors to let the improvement of the street on the 12th day of July, 1897, at 7:30 o'clock, p. m. That to improve said street according to the plans and specifications, the city will incur a debt on account of street and alley crossings of about $1,500 which, it is alleged, is in violation of the Constitution of this State." After setting out the value of the taxable property within said city, and the amount of the indebtedness, it is averred "that the indebtedness of said city exceeds two per centum of all the taxable property, and that the taxes and income of

said year have already been anticipated; that the city cannot pay cash for said improvement, for it has not and will not have the money; that said improvement will not increase the value of the property on said street to the amount of the assessment to pay for such improvement; that said proposed improvement is not in accordance with the general plan of improvement in said city, and is not and will not be of public utility."

On the 17th day of July, 1897, the appellant filed a supplemental complaint. It is shown in this complaint that since the filing of the original complaint the common council of the city of Lebanon, in pursuance to special ordinance and notice, as in said complaint alleged, let the contract for the improvement of said street to C. G. Wills & Co., composed of Charles G. Wills, William A. Gray, and Thomas W. Huckstep, alleging that said Huckstep and one David M. Burnes are partners, and work and have an office together in the business of civil engineering; that Huckstep is a son-in-law of Burnes; that as such civil engineers they are in the employ of said city as the deputies of one Enoch James; that Huckstep and Burnes made the plans and specifications for the improvement of said street; that Burnes is to superintend the work, make the estimates and accept the same upon the part of the city. After stating the cost of the improvement, it is alleged that the bid and contract price for making said improvement is far in excess of the cost and expense of making the same; that said C. G. Wills & Co., have not commenced to construct said improvement but are about to enter upon said work, and that they are necessary parties; then follows the prayer for relief.

On September 14, 1897, the appellant, Samuel L. Cason, filed his additional supplemental complaint, setting up additional facts relating to the matters in controversy, to some extent restating matters contained in the complaint and first supplemental complaint, and charging that the work was not being done according to the contract, and that the materials

being used were not in accordance with the contract; that the contractors were employing unskilled workmen, and the work was being prosecuted in violation of the contract, over the protest and objections of the abutting property owners. A copy of the contract is made a part of this additional supplemental complaint.

The first reason urged for the sufficiency of the complaint is as follows: "That there necessarily must be some limitation to the authority of the common council of a city in making public improvements."

It is settled law in this State that the municipal corporations have exclusive, original jurisdiction over the streets and alleys within their limits, and the whole matter of the improvement of the same and the assessments to be made in aid thereof. *Barber Asphalt, etc., Co.* v. *Edgerton*, 125 Ind. 455; *Keith* v. *Wilson*, 145 Ind. 149; §§3161, 3367 R. S. 1881 and Horner 1897, §§3623, 4404 Burns 1894. Streets may be improved under §§4288, 4289 Burns 1894, without a petition, and over the remonstrance of the abutting landowners, by a two-thirds vote of the council or board of trustees. *McEneney* v. *Sullivan*, 125 Ind. 407; *Keith* v. *Wilson*, 145 Ind. 149; *Depuy* v. *City of Wabash*, 133 Ind. 336; *Pittsburgh, etc., R. Co.* v. *Town of Crown Point*, 150 Ind. 536. The power of determining the kind of improvements, and when they are necessary, is vested in the municipal authorities, and the courts cannot control this discretionary power by injunction. *City of Kokomo* v. *Mahan*, 100 Ind. 242, 244; *Leeds* v. *City of Richmond*, 102 Ind. 372, 376, 377; *Macy* v. *City of Indianapolis*, 17 Ind. 267; *Town of Sullivan* v. *Phillips*, 110 Ind. 320, 321; *Weaver* v. *Templin*, 113 Ind. 298, 299; *Bass* v. *City of Ft. Wayne*, 121 Ind. 389, 392; Elliott on Roads and Streets, p. 338.

The second reason urged by appellant for the sufficiency of his complaint is "that the railroad company is legally bound to improve the street mentioned without any expense to the city or abutting property owners." Under the contract be-

tween the city and the railroad company, set forth in the complaint, it is evident that the railroad company is not legally bound to improve the street by paving the same with brick, and by constructing cement sidewalks on each side thereof. Whether or not the railroad company under its said contract to keep said street in repair can be required to do so after the work of improving the same, as contemplated by paving with brick, etc., is completed, is a different question. That question is not before us for decision, however. The contract alleged only required the railroad company to regrade and gravel said street, and place the same in good condition, and keep the same in good repair. Said contract did not deprive the city of the power to improve said street in the manner alleged in the complaint at the expense of the abutting property owners as provided by law. Whether or not the railroad company is liable for its failure to regrade and gravel said street as provided in said contract is not material to the decision of this case.

It is next urged that the contract and proceedings for the improvement of said street were illegal and void on account of the contract entered into with the railway on June 14, 1897, and for that reason the complaint was sufficient. Said contract of June 14, 1897, so far as it provided that the common council of the city should bind the contractors for the improvement of said street and sidewalks to ship all the material for said improvement over said railway, was invalid. And so the city must have regarded it, for the ordinance and the contract for the improvement leaves the contractors entirely free to purchase the material for the improvement of said street from whom they please, and to transport the same over whatever railroad they may select. The agreement of the railway company to improve the part of the street occupied by its tracks materially reduces the cost of the improvement to be paid by the abutting owners and the city. The ordinance and contract to improve the street are entirely independent of, and make no reference to, said contract with

the railway company, and their validity does not depend upon the contract with said company in any way. It is clear therefore that said ordinance and the contract for said improvement made thereunder are not illegal and void on account of said contract with the railway company.

The fourth reason urged by appellant in favor of the sufficiency of the complaint is that the contract between the city and C. G. Wills & Co., is void, for the reason that David M. Burnes, the deputy civil engineer of the city, is the father-in-law of Huckstep, one of the members of said firm. It is not averred that said Burnes, the deputy civil engineer, is interested directly or indirectly in said contract, and therefore the same is not void at common law or under the provisions of §2049 R. S. 1881 and Horner 1897, §2136 Burns 1894.

It may be said of the foregoing reasons urged in favor of the sufficiency of the complaint that a suit to enjoin the improvement of a street at the expense of the abutting owners is a collateral attack upon the proceedings of the municipal officers, and for this reason, only such questions as go to the jurisdiction and power of such officers can be tried. Questions as to the manner in which the work was done under the contract, and kindred questions, cannot be considered in such suit, for they do not go to the jurisdiction. *McEneney* v. *Town of Sullivan*, 125 Ind. 407; *Alley* v. *City of Lebanon*, 146 Ind. 125; Elliott on Roads and Streets, pp. 296, 440, 442. The law is that all questions which are properly triable on appeal, or, by some tribunal authorized to try the same, or, created for that purpose, must be so tried, and not by injunction. Only such questions as go to the power and jurisdiction of the common council can be tried by injunction, because if the common council has the power and jurisdiction they cannot be enjoined from making the improvement. *Balfe* v. *Lammers*, 109 Ind. 347, 348, 349; *City of Indianapolis* v. *Gilmore*, 30 Ind. 414. For all that appears in the complaint, all the statutory requirements were complied with, and the common council had full and complete jurisdiction.

The fifth reason urged by the appellant is that said contract and proceedings for the improvement of said street are illegal and void, on the ground that said city is already indebted beyond the constitutional limit. The question here presented was considered in *Quill* v. *City of Indianapolis*, 124 Ind. 292, 7 L. R. A. 681, and it was held that the contract for the improvement of a street did not create any indebtedness against the city. The municipal authorities, in that case, were proceeding under §§4288-4299 Burns 1894, being the same act under which the common council of the city of Lebanon was proceeding to make the improvement sought to be enjoined in this case. In that case it was urged that, as the city was indebted beyond the constitutional limit, by the contract for the improvement of the street, the city incurred an indebtedness for the street and alley crossings which was in violation of article 13, of the Constitution. On p. 301, the court said: "As respects the expense for so much of street and alley improvement as shall be occupied by the street and alley crossings, it is fairly apparent from the whole scope and tenor of the law that the corporation becomes liable to pay that in cash upon the completion and final estimate of the work, or as estimates therefor may be made from time to time. This being so no debt results on that account."

It was held, however, in *City of Laporte* v. *Gamewell*, 146 Ind. 466, 471, 35 L. R. A. 686, that whenever a city whose indebtedness exceeds the constitutional limit does not have the money on hand arising from current revenues to meet its debts of whatever character as they come into existence, such indebtedness is void because in violation of the Constitution.

Disregarding the conclusions of the pleader, the facts alleged in the complaint do not show that the city will be unable to pay out of the current revenues of the city its ordinary current expenses as well as its part of the expense of the improvement of said street, as the indebtedness for the same shall come into existence. Moreover said contract for

the improvement of said street is not invalid, even if the city's part of the expense therefor creates an indebtedness beyond the constitutional limit and is therefore void and cannot be collected from the city for that reason. Under such circumstances, the contractors would be entitled to recover the part of the cost of said improvement payable by the abutting owners, which was over $5,000, as alleged in the complaint. The contractors were chargeable with notice of the limit on the power of said city to become indebted and that the city was already indebted beyond the constitutional limit. *School Town of Winamac* v. *Hess,* 151 Ind. 229, 239, 240, and cases cited; *City of Laporte* v. *Gamewell,* 146 Ind. 466, 475. They knew therefore that unless the city had the cash on hand arising from current revenues with which to pay its part of the cost of said improvement when the work was completed and accepted, as provided in their contract, as well as its ordinary current expenses as the same came into existence, the city could not be compelled to pay its part thereof, because it was unable to become indebted to them under such circumstances. *City of Laporte* v. *Gamewell, supra,* 470-473. The consideration to be paid by the abutting property owners was sufficient to support said contract, and the same was valid, even though when the final estimates were made an indebtedness was created against the city in favor of the contractors which they could not collect because in violation of the Constitution. *School Town of Winamac* v. *Hess,* 151 Ind. 229, 237-240. If the contractors were willing to take the chances of the city being able to pay without violating the Constitution of the State, the citizens of the city have no ground for complaint. Neither have the abutting owners any ground for complaint, unless, on account of the fact that the city's part of the expense is not collectible, the contractors make their bids at such a figure that the abutting owners are compelled to pay more than the improvement would cost them if the city's part of the expense was collect-

Cason *v.* City of Lebanon.

ible.   The facts averred in the complaint do not show any such condition in this case.

If the city does not have the money with which to pay its share of the cost of said improvement when the same is completed and accepted, as well as its ordinary current expenses that came into existence at or before the time of said acceptance it has no right or authority to pay the same at any time thereafter and may be enjoined from so doing.   *City of Laporte* v. *Gamewell, supra,* 470, 471.   Whenever any one gives such a municipal corporation credit, or agrees to do or furnish anything to or for it, at once, or in the future for cash, if the cash is not on hand to pay therefor when the same is done or furnished, including all ordinary current expenses, an indebtedness is incurred which such corporation has no right to pay, and which cannot be collected, and the collection of which may be enjoined.   In other words such corporations when indebted to the constitutional limit, must carry on and conduct their affairs on a cash basis, and cannot do business on credit so as to incur any liability.   This is because it is settled in this State that a debt cannot be made by a political or municipal corporation beyond the constitutional limit for any purpose, not even for the ordinary current expenses no matter how urgent.   *City of Laporte* v. *Gamewell, supra,* 470, 471, and cases cited.

It is not averred in the complaint that the city, if said indebtedness when it comes into existence is in excess of the constitutional limit, will thereafter pay or attempt to pay the same, nor is there any presumption that it will do so; on the contrary, the presumption is that the officers of the city will not commit any unauthorized act, such as paying indebtedness contracted beyond the constitutional limit.

Judgment affirmed.