## SOUTH PARK FLORAL COMPANY *v.* CITY OF NEW-CASTLE ET AL.

[No. 22,849.   Filed June 30, 1916.]

MUNICIPAL CORPORATIONS.—*Constitutional Limit of Indebtedness.*— *Street Improvements.*—*Collection of Assessments.*—*Injunction by Abutting Property Owners.*—Where a municipality enters into a contract for a street improvement and its portion of the cost therefor creates an indebtedness beyond the constitutional limit allowed for such city, the contract, while void and uncollectible as to the city, is not invalid, and abutting property owners, being liable for their proportionate share of the cost of the improvement, cannot enjoin the collection of the assessments therefor made against their property.

From Henry Circuit Court; *Fred C. Gause*, Judge.

Action by the South Park Floral Company against the City of Newcastle, Indiana, and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Mark E. Forkner*, *George D. Forkner* and *Albert D. Ogborn*, for appellant.

*Barnard & Brown* and *Brown & Morris*, for appellees.

ERWIN, J.—Appellant brought this action to enjoin the city treasurer from selling or offering certain described property for sale to pay for certain street improvement assessments, and to recover for the appellee city certain funds misappropriated in paying certain assessments against the city for such improvement, and to have the contract for the improvement declared null and void. Appellant's complaint set out the facts of the letting of the contract by the city, its completion, the making of the assessments by its officers, the payment, by diverting the funds from one account to another, of the assessment against the city by the city, and the fact that at the time the city approved and

accepted the improvement it was then indebted above the two per cent. constitutional limit and that appellant's property is liable to be sold to pay the assessment of benefits made against appellant's property. The demurrers of the various defendants were sustained by the trial court and, on appellant's failure to plead further, judgment was rendered in favor of appellees. The only question presented arises on the ruling of the court upon the various demurrers for want of fact.

The only question presented by the brief of appellant is whether the complaint states facts sufficient to authorize an injunction against the collection of assessments against the property of appellant by reason of the city exceeding its constitutional limit by reason of the contract. It contends that the city had no power to enter into the contract for the improvement of the street, it already being indebted beyond its constitutional limit and beyond all current levies and funds on hand; and that as the city had no power to make the contract of further indebtedness, the contract was void, and neither city nor property owner can be compelled to pay the assessments.

The contract for the construction of the improvement was not invalid, although the city's part of the expense may have created an indebtedness beyond its constitutional limit, and therefore void as to the city and not collectible from the city for that reason. Under such circumstances, the contractor was entitled to recover the part of the cost of said improvement payable by the abutting owners. *Cason* v. *City, etc.* (1899), 153 Ind. 567, 576, 55 N. E. 768, 771. No error being presented, the judgment is affirmed.

NOTE.—Reported in 113 N. E. 5. Contracts of municipality creating excessive indebtedness, nature of as to municipality, note 36 L. R. A. (N. S.) 9; 44 Am. St. 242.