**CITY OF HAMMOND, LAKE COUNTY, Acting by and through its Board of Park Commissioners, and the City of Hammond, Lake County, Indiana (Civil City), Defendants-Appellants,**

v.

**NORTHERN INDIANA PUBLIC SERVICE COMPANY, Plaintiff-Appellee.**

No. 45A03–8602–CV–60.

Court of Appeals of Indiana, Third District.

April 7, 1987.

Joseph P. Allegretti, Hammond, for defendants-appellants.

Frederick F. Eichhorn, Jr., James K. Morse, Eichhorn, Eichhorn & Link, Hammond, for plaintiff-appellee.

GARRARD, Presiding Judge.

Defendant-appellant, City of Hammond (City) appeals from a judgment entered by the Lake County Superior Court in favor of plaintiff-appellee Northern Indiana Public Service Company (NIPSCO).

In its complaint, NIPSCO alleged that it had rendered electric and gas service to the City since 1979, and that the City had become delinquent in payment for this service in the amount of $3,756,058.33. The City neither pleaded nor presented a defense. The trial court subsequently entered judgment in favor of NIPSCO in the amount stated above.

On September 9, 1985, the City timely filed its motion to correct errors/motion for relief from judgment. This motion raised for the first time the issue of whether the indebtedness owed to NIPSCO was void because it exceeded the City's constitutional debt limit as established by Article 13, section 1 of the Indiana Constitution.[1] Through affidavit attached to its motion, the City presented evidence which revealed that the indebtedness to NIPSCO, when added to its existing bond indebtedness, exceeded the City's constitutional debt limitation by $1,781,488.00. No counter-affidavits were filed by NIPSCO.

The City's motion to correct errors was denied January 29, 1986. The following issues are presented on appeal:

I.  Whether the City was required to affirmatively plead violation of the constitutional debt limitation.

II. Whether the amount owed to NIPSCO constituted "indebtedness" in violation of Article 13, section 1 of the Indiana Constitution.

### I.

The City's only defense to NIPSCO's claim is founded upon Article 13, section 1

---

1. "Sec. 1. Limitation on debt; excess; exceptions

Section 1. No political or municipal corporation in this State shall ever become indebted, in any manner or for any purpose, to an amount, in the aggregate, exceeding two per centum on the value of the taxable property within such corporation, to be ascertained by the last assessment for State and county taxes, previous to the incurring of such indebtedness, and all bonds or obligations in excess of such amount given by such corporations shall be void; *Provided,* That in time of war, foreign invasion, or other great public calamity, on petition of a majority of the property owners, in number and value, within the limits of such corporation, the public authorities, in their discretion, may incur obligations necessary for the public protection and defense to such amount as may be requested in such petition."

of the Indiana Constitution. Article 13, section 1 prohibits any political or municipal corporation from incurring any indebtedness in excess of two percent of that corporation's assessed value. The City contends that the contract with NIPSCO for utility service is illegal as a violation of the constitutional debt limit and void to the extent it exceeds two percent of its assessed value. This issue was first raised in the City's motion to correct errors/motion for relief from judgment.

▇▇▇ NIPSCO contends this issue raises an affirmative defense which must be especially pleaded. We agree. An affirmative defense is one upon which the proponent bears the burden of proof and which, in effect, admits the essential allegations of the complaint but asserts an additional matter barring relief. *Rice v. Grant County Bd. of Com'rs.* (1984), Ind.App., 472 N.E.2d 213, 214. Here the City has admitted that NIPSCO provided utility service and that it was delinquent in payment for this service in an amount equal to the trial court's judgment. However, the City denies it is liable for payment because the contract is illegal and void to the extent it exceeds the constitutional debt limit. Illegality must be pled as an affirmative defense. Indiana Rules of Procedure, Trial Rule 8(C); *Piskorowski v. Shell Oil Co.* (1980), Ind.App., 403 N.E.2d 838, 847. Failure to plead an affirmative defense results in its waiver. *Moridge Mfg. Co. v. Butler* (1983), Ind.App., 451 N.E.2d 677, 680. The fact that the defense is based on constitutional grounds does not excuse the failure to raise it before the trial court. *Linville v. Shelby County Plan Commission* (1972), 258 Ind. 467, 281 N.E.2d 884. Consequently, the City has failed to preserve this issue for appeal. *See Vrooman v. Village of Middleville* (1982), 91 A.D.2d 833, 458 N.Y.S.2d 424 for a similar fact situation and holding.

▇▇▇ In response, the City contends that its attack is not upon the contract but upon the trial court's judgment. It claims the judgment is void and that a void judgment can be attacked at anytime. A judgment void on its face may be attacked at any time, either collaterally or directly. *Warner v. Young America Volunteer Fire Dept.* (1975), 164 Ind.App. 140, 146, 326 N.E.2d 831, 835. However, the judgment in this case is not void. It is not disputed that the trial court had jurisdiction of the subject matter, of the parties, and the power and authority to render the judgment in question. *See Warner,* 326 N.E.2d at 835.

Regardless of how it is phrased, the question presented by this case presents an attack on the City's authority to incur debt above the constitutional limit, not upon the power of the trial court to render a valid decision. The City permitted the case to go to judgment without interposing the defense of illegality. Therefore, this court will not permit it to raise an affirmative defense for the first time in a motion for relief from judgment under the guise that the trial court's judgment is void. *See Warner,* 326 N.E.2d at 836.

## II.

▇▇▇ Apart from the City's failure to preserve this issue for review, the City failed to establish its entitlement to relief. The City has not demonstrated that the service contract created "indebtedness" in violation of the Constitution. Items essential to the maintenance of corporate existence such as light, water, labor and the like, constitute current expenses payable out of current revenues. When current revenues are sufficient to pay the current expenses, no debt is created. *City of Valparaiso v. Gardner* (1884), 97 Ind. 1, 12–13. Only if the indebtedness of the city already equals or exceeds the constitutional limit, and the current revenues are not sufficient to pay such indebtedness when it comes into existence is an indebtedness created. *City of LaPorte v. Gamewell Fire-Alarm Tel. Co.* (1896), 146 Ind. 466, 470, 45 N.E. 588, 590.

▇▇▇ Here the City presented evidence through affidavit showing that existing bond debt in addition to unpaid NIPSCO indebtedness exceeded two percent of the City's assessed valuation. However, no facts were presented showing that the cur-

rent revenues of the City were insufficient to pay the NIPSCO indebtedness as it came into existence. Consequently, the City has failed to show that the contract for utility service created any "indebtedness" in violation of the state constitution. *See Jefferson School Twp. v. Jefferson Twp. S. Bldg. Co.* (1937), 212 Ind. 542, 552, 10 N.E.2d 608, 612. *See also Cason v. City of Lebanon* (1899), 153 Ind. 567, 575, 55 N.E. 768, 771. The trial court's judgment must be affirmed.

Affirmed.

STATON, J., concurred in result and MILLER, J., concurred.