**TOWN OF SYRACUSE, an Indiana municipal corporation, Kenneth Johnson, William Cutter, Carol Koble, Barbara Carwile and Jake Bitner, individually and in their capacities as members of the Town Council of the Town of Syracuse, Indiana, Appellants–Defendants,**

**v.**

**Ginger ABBS, Appellee–Plaintiff.**

**No. 43A04–9709–CV–404.**

Court of Appeals of Indiana.

April 16, 1998.

285

Robert T. Keen, Jr., Diana C. Bauer, Miller Carson Boxberger & Murphy L.L.P., Fort Wayne, for Appellants–Defendants.

Stephen R. Snyder, Randall L. Morgan, Beckman, Lawson, Sandler, Snyder & Federof, L.L.P., Syracuse, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Kenneth Johnson, William Cutter, Carol Koble, Barbara Carwile, Jake Bitner and the Town of Syracuse (collectively the "Town") appeal from the denial of their motion for summary judgment.

We reverse.

Ginger Abbs owns property on Syracuse Lake in Syracuse, Indiana. Abbs' property is bordered on the east side by Syracuse Lake, on the west side by Front Street and on the south side by Benton Street. Benton stretches to the edge of Syracuse Lake, but is only paved up to its intersection with Front Street. The portion of Benton stretching from Front Street to Syracuse Lake has been unimproved since the original platting of the town and remains a grassy area between Abbs' property and property owned by Jake and Nancy Bitner. Citing parking problems, the Town decided to pave the grassy part of Benton Street. Abbs filed an action for a permanent injunction against the paving of Benton Street contending the decision to pave that portion of Benton was motivated by a desire to harass and intimidate her for another, unrelated lawsuit she had against the Town. The Town unsuccessfully moved for summary judgment and its motion was certified for interlocutory appeal.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing the grant or denial of summary judgment, we use the same standard used by the trial court. *Ramon v. Glenroy Construction Co.*, 609 N.E.2d 1123, 1127 (Ind.Ct.App.1993), *trans. denied*. Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.*; Ind. Trial Rule 56(C). The movant bears the burden of establishing the propriety of summary judgment, and all facts and inferences to be drawn therefrom are viewed in a light most favorable to the non-movant. *Ramon*, 609 N.E.2d at 1127.

Also relevant to our standard of review is the fact that Abbs is challenging a municipal body with exclusive control over, and regulation of, its streets. IND.CODE § 36-9-2-5 (1993); *Cason v. City of Lebanon*, 153 Ind. 567, 55 N.E. 768, 770 (1899). In this respect, municipalities are endowed with legislative sovereignty, and courts afford their decisions the corresponding deference. *Windle v. City of Valparaiso*, 62 Ind. App. 342, 113 N.E. 429, 432 (1916). The power to control and regulate a city's streets rests in the sole discretion of the city's officers, and this discretion is not subject to control by the courts absent the clearest abuse thereof. *Swaim v. City of Indianapolis*, 202 Ind. 233, 171 N.E. 871, 875 (1930). Accordingly, we do not substitute our judgment for that of the municipality in discretionary matters within its jurisdiction. *Mann v. City of Terre Haute*, 240 Ind. 245, 163 N.E.2d 577, 579 (1960). We will, however, review the proceedings to determine whether procedural requirements were followed, whether there is substantial evidence to support the municipality's actions or whether the decision is fraudulent, unreasonable or arbitrary. *Id.* at 579–80. Thus our inquiry becomes whether there is a genuine issue of material fact as to whether the Town abused its legislative power when it determined that a parking problem existed on Benton Street. We conclude there is not.

The Town moved for summary judgment citing its broad legislative discretionary pow-

ers and evidence which supports its determination that there is a parking problem to be remedied on the unimproved portion of Benton Street. In this regard, the evidence shows that when Abbs moved into her house in 1992 she noticed that people would occasionally park cars or boats in the grassy area of Benton Street. The frequency of use increased over the years. Eventually, Abbs contacted the Syracuse Chief of Police and the Syracuse Town Manager to discuss the parking situation.

Abbs inquired into whether parking was permitted on the grassy area of Benton Street at all. Initially, the Town was unsure as to whether a 24-hour parking ordinance would apply to the unpaved portion of Benton, but the Town later informed Abbs that the ordinance did apply to all streets, paved or not. Responding to calls, the police would request vehicles to be moved in accordance with the ordinance. The Chief of Police met with several of Abbs' neighbors in an attempt to solve problems with parking.

In July of 1993, the Chief of Police suggested that a meeting be held to discuss the Benton Street parking situation. The meeting took place in the office of Robert Reed, the Syracuse Town Board Attorney. Also in attendance were Abbs, Dan Lees, Pat and Jake Bitner, Nancy and Gus Duehmig, the Chief of Police and the Town Manager. At the close of the meeting everyone agreed that they would park in the grassy area of Benton only when absolutely necessary, that they would endeavor not to abuse the privilege and that automobiles would be permitted to remain parked on the grassy area for a reasonable time. Notwithstanding this agreement, the Duehmigs continued to regularly park in the grassy area.

At a Town Council meeting on June 21, 1994, the Town Manager presented two letters he received concerning parking on Benton Street. One letter was from Courtney Blue and Nancy and Gus Duehmig. They noted that police continued to be called regarding parking on Benton Street and re-

quested, in order to prevent unnecessary police contact and confusion among neighbors, that the town provide rules and regulations regarding parking on the grassy area of Benton Street. The other letter was from James and Lynn Atwood. This letter recited continuing parking issues with the unimproved portion of Benton Street including police intervention, an apparent inconsistent treatment of motorists and a policy toward parking on Benton inconsistent with general parking ordinances. The Atwoods requested the Town Council to clarify its position on the availability of the grassy area of Benton for parking. Several other residents were present at this meeting who also spoke of the Benton parking situation. It was during this meeting that the Syracuse Street Department Superintendent suggested alleviating the parking problem on Benton by paving it from its intersection with Front Street to the edge of Syracuse Lake. The Town Council agreed and authorized paving of Benton Street from Front Street to Syracuse Lake.

Notwithstanding the above saga, which was apparently initiated by Abbs herself, Abbs claims the Town acted in an arbitrary, capricious, and fraudulent manner and abused its power since there is, in fact, no parking problem to be addressed. To create a genuine issue of material fact, Abbs offers affidavits of three neighbors which state that, in their opinion, there is no parking problem.[1] While affidavits which directly contradict other evidence may suffice to create a genuine issue of material fact, Abbs misunderstands our role in reviewing the Town's decision to pave Benton, and hence, the precise fact which needs to be disputed to survive summary judgment. Our task is not to review whether there is in fact a parking problem on Benton Street which warrants attention from the Town. Rather, our role is simply to determine whether *the decision* that a parking problem existed amounts to the clearest abuse of discretion, and in undertaking this review, we may not substitute our judgment for that of the Town. *Swaim,*

---

1. Abbs has also stressed that her dispute was with only one neighbor, Gus Duehmig, who, in her opinion, was the primary abuser of parking on Benton Street. Even granting Abbs this proposition for the sake of argument, we fail to see why one person cannot create an issue which warrants the attention of the Town.

171 N.E. at 875. We conclude that the above evidence amply supports the Town's determination that a parking problem exists on Benton Street. Accordingly, there is no genuine issue of material fact regarding the propriety of the Town's decision to pave Benton Street as a remedy to the parking problem and the Town is entitled to summary judgment as a matter of law.

Abbs also designated evidence to the trial court that she contends demonstrates selective enforcement of parking regulations against her. According to Abbs' testimony, she would be ordered to move vehicles off the unimproved portion of Benton Street while the police would not make the same demands of Gus Duehmig. If Abbs is receiving an inordinate amount of attention from the Syracuse police, her cause of action lies elsewhere than in an action to prevent the Town from paving Benton Street.

Abbs also argues that paving Benton Street is not in the public interest and is a waste of public funds. Abbs notes that no other street in Syracuse is paved to the lake edge.[2] However, the fact that this type of paving has never been undertaken before does not compel the conclusion that the Town acts against the public interest or wastes public funds in undertaking such an improvement now.

■ Also in an attempt to support her want of public interest argument, Abbs contends the street is too narrow to turn around a car which would cause motorists to back into Front Street from Benton. Whether true or not, this is not the type of observation which supports judicial intervention into the Town's decision to pave Benton Street. "[I]t is well settled that courts cannot undertake to determine what improvements are necessary, or upon what particular plan they shall be made." *Leeds v. City of Richmond,* 102 Ind. 372, 1 N.E. 711 (1885). What is or is not in the public interest and what is or is not a proper use of public funds are classic questions dedicated to the sole discretion of

legislative bodies with whom we will not interfere absent the clearest abuse of discretion. We have already concluded the Town was well within its discretion when it determined a parking problem existed on the unimproved portion of Benton Street. Paving this portion of Benton, with the apparent belief that motorists will be more observant and respectful of parking regulations on a paved road as opposed to an unimproved grassy one, is a legitimate remedy to the parking problem. Again, we conclude Abbs has failed to create a genuine issue of material fact about whether paving the unimproved portion of Benton is in the public's interest or is a waste of public funds.

■ Abbs next contends that "there is an issue of impropriety involving the decision-makers [sic] in this case." Brief of Appellee at 13. The alleged impropriety involves Jake Bitner, who is Abbs' neighbor on the other side of Benton Street and who is also a Councilman for the Town of Syracuse. Mr. Bitner participated in the decision to pave Benton Street. However, Abbs has not favored us with any legal authority whatsoever which would support the conclusion that Mr. Bitner's participation in the decision voids or otherwise allows us to question the Town's action. Accordingly, we find this issue waived. Ind. Appellate rule 8.3(A)(7); *Mitchell v. Stevenson,* 677 N.E.2d 551 (Ind. Ct.App.1997), *trans. denied.*

Finally, Abbs complains that the proposed paved area is offset from the center of the Benton Street right-of-way, away from Mr. Bitner's home and towards her home. This argument is collateral to the issue in this case. The fact that the proposed paved portion of the road may be inappropriately offset has no bearing on whether the Town properly decided to pave Benton Street in the first instance.

Based on the foregoing, we conclude there is no genuine issue of material fact and that the Town is entitled to summary judgment as a matter of law.

2. One other street is paved to within thirty or fifty feet of the lake.

Reversed.[3]

DARDEN and RUCKER, JJ., concur.

---

3.  Abbs has also argued that paving Benton Street will depreciate the value of her property. However, this argument appears to have been presented in order to justify injunctive relief which requires a party to demonstrate injury to a legally recognized right, such as a property right. See, e.g., Ridenour v. Furness, 514 N.E.2d 273 (Ind.1987). Having found no genuine issue of material fact as to whether the Town's decision to pave Benton Street amounted to the clearest abuse of discretion, we need not reach this argument.