Filed November 19, 1895.

---

No. 17,589.

FOLAND v. THE TOWN OF FRANKTON ET AL.

MUNICIPAL CORPORATION.—*Town.—Lighting Expense.—Payable Out of General Fund.*—The expense of lighting a town may be paid out of the current revenues of the town, without making a special levy to provide funds for that purpose, even though the effect of such payment is to postpone judgment or other creditors of the town.

SAME.—*Town.—Lighting Contract.— Debt.— Statute Construed.*— A contract for lighting a town, the lights to be paid for annually as furnished, does not create a debt within the meaning of section 4377, R. S. 1894, requiring that an indebtedness shall not be incurred except on petition of a majority of the owners of the taxable real estate of the town. (See note at end of opinion.)

PLEADING.—*Complaint.— Injunction.— Town.— Contract for Lighting.*—An allegation in the complaint in an action to restrain a town from entering into a contract for lighting its streets, "that the town will not have money to meet its indebtedness when the same matures above the amounts necessary for the necessary running expenses of said town, and will not receive from the present levy sufficient funds to pay said indebtedness, and cannot make a levy in time to pay the same as it matures," is insufficient, as a mere conclusion.

From the Madison Circuit Court.

*Diven & McMahan*, for appellant.

*J. M. Farlow* and *Goodykoontz & Ballard*, for appellees.

MONKS, J.—Appellant brought this action to enjoin appellees from entering into a certain contract for lighting the streets of said town. Appellees filed a demurrer to the complaint, which was sustained, and appellant refusing to plead further, judgment was rendered in favor of appellees.

The only error urged calls in question the action of the court in sustaining the demurrer to the complaint. So far as necessary to the determination of the questions presented, the complaint is as follows : "That the appellee is about to enter into a contract with the Frankton Natural Gas and Oil Company, by the terms of which the town agrees to pay three hundred dollars in one year for twenty-five street lights, and twelve dollars for each additional street light, and at the termination of each year thereafter, for five years, to pay said gas company the sum of three hundred dollars, and twelve dollars additional for each light over twenty-five, which contract, as intended to be made and entered into, is an absolute promise to pay said amounts at said times, and thereby creating an indebtedness against said town; that said town is now indebted in the sum of twenty-seven hundred and fifty dollars; that the board of trustees is proposing to create said indebtedness aforesaid, and that no petition has ever been signed by a majority of the resident owners of the taxable real estate of said town, to contract said debt for lighting the streets, or any debt; that said town has need of money, and will not have money to meet the said indebtedness, when the same matures, above amounts necessary for the actual running expenses of said town, and will not receive, from the present levy, sufficient funds to pay said indebtedness so created, and cannot make the levy in time to pay the same as it matures."

It is earnestly insisted by appellant that appellees, by

said contract, would create an indebtedness, and that the same could not be incurred, unless a majority of the owners of taxable real estate of said town should petition the board of trustees to contract such debt, or loan, as provided by section 4377, R. S. 1894. Acts 1891, p. 389.

This question was, after a careful consideration, determined by this court, against the contention of appellant, in the case of *Crowder* v. *Town of Sullivan*, 128 Ind. 486 (13 L. R. A. 641). It was held in that case that where a municipal corporation contracts for a useful and necessary thing, such as water or light, and agrees to pay for it annually as furnished, the contract does not create an indebtedness for the aggregate sum of all the yearly installments, since the debt for each year does not come into existence until the compensation for each year has been earned.

In the case cited, this court said : "It may be true that the contract creates an obligation, for a breach of which an action for damages will lie, but it does not create a right of action for the unearned compensation. The earning of each year's compensation is essential to the existence of a debt. If municipal corporations cannot contract for a long period of time for such things as light or water, the result would be disastrous, for it is a matter of common knowledge that it requires a large outlay of money to provide machinery and appliances for supplying towns and cities with light and water, and no one will incur the necessary expense for such machinery and appliances, if only short periods are allowed to be provided for by contract. The courts cannot presume that the Legislature meant to so cripple the municipalities of the State as to prevent them from securing light upon reasonable terms, and in the ordinary mode in which such a thing as electric light or gas is obtained. But it is unnecessary to discuss this point

at greater length, for we regard the law upon it as settled by the adjudged cases. *City of Valparaiso* v. *Gardner,* 97 Ind. 1; 49 Am. Rep. 417, and authorities cited; *City of New Albany* v. *McCullough,* 127 Ind. 500; *City of East St. Louis* v. *East St. Louis, etc., Co.,* 98 Ill. 415 [38 Am. Rep. 97]; *Appeal of City of Erie,* 91 Pa. St. 398; *Grant* v. *City of Davenport,* 36 Iowa 396; 1 Dillon Munic. Corp. (4 ed.), section 135." See also 44 Am. St. Rep., note on p. 240; *Laycock* v. *City of Baton Rouge,* 35 La. Ann. 475; 15 Am. and Eng. Ency. of Law, 1126. It is clear, from these authorities, that the execution of the contract in question would not create a debt within the meaning of section 4377, R. S. 1894, *supra,* and, therefore, no petition was necessary.

Appellees had full power to contract for gas, under the provisions of section 4301, R. S. 1894, Acts 1883, p. 85, for any period, not exceeding ten years.

The allegation in the complaint, "that the contract, as intended to be made and entered into, is an absolute and unconditional promise to pay, etc.," adds no strength to the complaint. Neither does the demurrer admit this statement to be true, as claimed by appellant. The court knows from the allegations concerning the terms of the proposed contract, that the three hundred dollars to be paid for gas, is to be paid at the end of each year, and that no debt is created within the meaning of section 4377, R. S. 1894, *supra,* until the compensation mentioned is earned. Appellant cannot, by an averment that the contract has a certain meaning, change the legal effect of the contract, as he has stated it in the complaint.

The allegation, "that said town will not have money to meet said indebtedness, when the same matures, above the amounts necessary for the actual running expenses of said town, and will not receive from the present levy sufficient funds to pay said indebtedness, and cannot

make a levy in time to pay the same, as it matures, are mere conclusions, and present no question. The facts, if any there were, showing that the town will not have money to meet said indebtedness, or that it will, by the proposed contract, overreach its current revenues, should be stated, and not the mere conclusions of the pleader. *Gum Elastic Roofing Co.* v. *Mexico Pub. Co.*, 140 Ind. 158 (161), and cases cited.

The complaint in this case was filed February 19, 1894, and, under the existing law, it would seem that the board of trustees of the town could have made a levy of taxes in time to pay the installment under the proposed contract, depending, perhaps, the first year upon whether the same was collected by the marshal of the town, or the county treasurer.

The expense, however, of light, water, labor, and the like, is essential to the maintenance of corporate existence, and constitutes current expenses, payable out of the current revenues, which may be applied to such purposes, even though the effect is to postpone judgment, or other, creditors. *Gardner* v. *City of Valparaiso, supra*; *Town of Fowler* v. *F. C. Austin Mfg. Co.*, 5 Ind. App. 489; *Coy* v. *City Council*, 17 Iowa 1; *Coffin* v. *City Council*, 26 Iowa 515; *Laycock* v. *City of Baton Rouge, supra.*

There is no error in the record.

Judgment affirmed.

Filed November 19, 1895.

NOTE.—On the question what constitutes an indebtedness within the meaning of provisions restricting municipal debts, see an extensive note to *Beard* v. *Hopkinsville* (Ky.),23 L. R. A. 402.