City of South Bend *v.* Reynolds.

---

### CITY OF SOUTH BEND ET AL. *v.* REYNOLDS.

[No. 19,213. Filed June 19, 1900.]

MUNICIPAL CORPORATIONS.—*Indebtedness.*—If the indebtedness of a city equals or exceeds the constitutional limit, and the current revenues are not sufficient to pay such indebtedness when it comes into existence, including other expenses for which the city is liable, an indebtedness is thereby created, and the Constitution is violated. *pp. 71-73.*

SAME.— *Municipal Indebtedness.— Lease of Building for City Purposes.*— A lease of a building by a city, to be used as a city hall, does not create an indebtedness for the aggregate sum of all the annual payments of rent to become due ; and, therefore, where it appears that the current revenues of the city will be amply sufficient to meet the accruing rent, such contract is not invalid, though the city's constitutional debt limit has already been reached. *pp. 73, 74.*

From the St. Joseph Circuit Court. *Reversed.*

City of South Bend *v.* Reynolds.

*O. M. Cunningham, A. Anderson, J. Du Shane, W. G. Crabill, T. E. Howard* and *J. G. Orr,* for appellants.

*F. E. Osborn, W. H. Sallwasser, N. J. Wolfe* and *J. H. Bradley,* for appellee.

Monks, J.—Appellee sued appellants, the city of South Bend and James Oliver, to enjoin them from carrying out a contract executed by them, on the ground that the city thereby became indebted beyond the constitutional limit. A demurrer to the answer for want of facts was sustained and judgment rendered in favor of appellee.

It appears from the record that the city of South Bend, on October 18, 1899, was the owner and in possession of certain real estate described in the complaint, which had been purchased and was held for the purpose of erecting thereon a city hall, for the use of the several departments of the city government; that on said day said city and James Oliver, a co-appellant, entered into a written agreement which provides that said Oliver have permission to enter upon said real estate and erect thereon a city hall for the use of said city, said structure to remain the property of said Oliver, unless and until the city should exercise the option given by said contract to purchase the same. That the hall shall be suitable for the needs of the city and according to named plans and specifications, the contract for construction to be left to the best bidder after due notice; the cost not to exceed $75,000; and all contracts to be approved by the city. That the building when completed be leased to the city for twelve years, with a right of renewal for five years longer, at a rental of $7,200, to be paid annually, as the same shall accrue from year to year. Oliver gives, and the city reserves, an option to purchase the building at the termination of the lease, or at any time during the term, at a price equal to the original contract price thereof with four per cent. interest per annum, less the sum of the several amounts of rent then paid thereon with four per cent. interest per annum on each item of said rent from

the date of its payment. In case the city fail to exercise its option to purchase, Oliver has the option either to remove the building or to purchase the ground at its statutory appraised valuation within six months after the termination of said lease. Should he fail to exercise his option the structure thereby becomes the property of the city. In case the exercise of any option is delayed by any order of court or by some overpowering necessity, the time so lost is not to be counted. The city is to pay taxes and insurance, but in case of fire the insurance is to be invested in repair of the old building, or in the erection of a new one.

That when said contract was entered into, and since that date, said city was indebted in an amount equal to the constitutional limit; that said rent of $7,200, to be paid annually by said city, was no more than the fair rental value of.said building mentioned in said contract and described in the plans and specifications; that such expense for rent was a part of the current expenses of said city government and was amply provided for by the annual city tax levy; that there was already in the city hall fund, in the city treasury, nearly enough money for two years' rent and the current revenues for the year 1899 will provide more than enough for a third year's rent. If the foregoing facts show that by said contract said city became indebted beyond the constitutional limit, the judgment must be affirmed; otherwise, it must be reversed.

It is settled in this State that if a city contracts for water, light, or other things which pertain to its ordinary and necessary expenses, and agrees to pay for the same annually or monthly as furnished, such contract does not create an indebtedness for the aggregate sum of all the annual or monthly payments, because the debt for each year or month does not come into existence until it is earned. But if the indebtedness of the city already equals or exceeds the constitutional limit, and the current revenues are not sufficient to pay such indebtedness when it comes into existence, in-

cluding other expenses for which the city is liable, an indebtedness is thereby created and the Constitution is violated. *Cason* v. *City of Lebanon*, 153 Ind. 567; *City of LaPorte* v. *Gamewell, etc., Co.*, 146 Ind. 466, 35 L. R. A. 686, 58 Am. St. 359, and cases cited; *Brown* v. *City of Corry*, 175 Pa. St. 528, 34 Atl. 854; *Appeal of the City of Erie*, 91 Pa. St. 398; 1 Dillon on Mun. Corp. §§136, 136a.

It is evident that rent for suitable offices, for the officers of a city, is as much an ordinary and necessary expense as the expense for water and light (*Grant* v. *City of Davenport*, 36 Iowa 396, 403), and that when the city agrees to pay the rent for said offices annually or monthly, the contract does not create an indebtedness for the amount of all the annual or monthly payments. While the rent for suitable offices for city officers is an ordinary and necessary expense, the erection of a city hall, or a building for the use of the city officers, is not in any sense an ordinary and necessary expense, but is an extraordinary one. *Grant* v. *City of Davenport, supra.* There is a clear and plain distinction between a contract for the use of rooms or a building for city purposes and the erection by the city of a building to be used for such purposes. The one is an ordinary and necessary expense, while the other involves municipal ownership of the building or rooms, the means of furnishing the offices, and is an extraordinary expense. *Brown* v. *City of Corry*, 175 Pa. St. 528, 34 Atl. 854; *Grant* v. *City of Davenport, supra.*

Under the contract in this case, however, the city hall is not to be erected by or for the city, but by Mr. Oliver who is to own the same, the city being the owner of the real estate upon which it is to be erected. The only contract of the city is to pay an annual rent of $7,200 which is admitted to be only a fair rental value for said building, and if the city does not exercise its option to purchase said building at or before the termination of the lease, to sell and convey the real estate at the price named, provided said Oliver ex-

Terre Haute, etc., R. Co. v. Sheeks.

ercises his option to purchase the same within six months after the termination of the lease. If neither party exercises the option provided for in said contracts, within the time fixed, then the city hall building becomes the property of the city.

Under said contract the city is under no obligation whatever to pay anything for the erection of said building or to purchase the same when erected. If it should attempt to exercise its option to purchase said building, but can not do so without violating the constitutional limitation as to becoming indebted, it may be enjoined from exercising such option. No facts are alleged in the complaint showing that the current revenues of the city will not be sufficient to pay the indebtedness for rent under said contract each year when the same comes into existence, including all other expenses for which the city is liable. The allegations of the complaint do not show, therefore, that said contract creates any indebtedness in violation of the Constitution. *Cason* v. *City of Lebanon*, 153 Ind. 567.

It follows that the judgment must be reversed. Judgment reversed, with instructions to carry appellee's demurrer to the answer back and sustain the same to the complaint.