[No. 15105.   Department One.   August 5, 1919.]

THE STATE OF WASHINGTON, *on the Relation of the City of Republic et al., Plaintiff*, v. E. G. HARVEY, *as Mayor of the City of Republic, Respondent.*[1]

MUNICIPAL CORPORATIONS (485, 511)—CURRENT EXPENSE FUND— ERECTION OF CITY HALL. The cost of erecting a city hall does not come within and therefore cannot be paid out of the "current expense fund" created by Rem. Code, § 5140-3, for cities of the third class for the payment of current expenses.

Appeal from a judgment of the superior court for Ferry county, Neal, J., entered September 19, 1918, upon findings in favor of the plaintiffs, in an action to compel the mayor of a city to countersign a municipal warrant, tried to the court. Reversed.

*Samuel Porter*, for relators.

*Charles P. Bennett*, for respondent.

MAIN, J.—This is a mandamus action, brought by the relators in the superior court for the purpose of compelling the respondent, the mayor of Republic, to countersign a municipal warrant. A judgment was entered as prayed for by the relators, and the respondent appeals. To avoid confusion, the same designation will be given the parties as in the superior court.

Republic is a city of the third class. The respondent was the duly elected, qualified and acting mayor thereof. The relator the city of Republic was the owner of a lot located within the corporate limits of the city, upon which a city hall and fire station had been erected. In the month of August, 1917, this building was destroyed by fire. In September following, the city council of the city, in making their estimate required to meet the city current expenses for

[1]Reported in 182 Pac. 931.

the ensuing year, included therein the sum of $4,000 for the construction and repair of public buildings, and the city council thereafter, in October, determined that the amount so estimated should be raised by taxes duly levied upon the property within the corporate limits of the city.

In the month of April, 1918, the city council decided to cause to be erected a city hall upon the lot owned by the city and occupied by the building which had previously been destroyed by fire. A contract for the construction of the building was entered into with the relator George I. Higgins.

Higgins entered upon performance of the contract, and on September 3d, 1918, the city council ordered and directed that a warrant be issued by the proper officers of the city, and delivered to him, for the sum of $100, this warrant to be drawn upon the treasurer of the city and against the moneys in the current expense fund. At the time the warrant was authorized by the city council and the respondent refused to countersign it, there was in the current expense fund of the city more than sufficient funds to pay it.

The warrant was duly drawn by the city clerk and presented to the respondent, as mayor of the city, to be by him countersigned, which he refused to do. The city at this time was beyond its debt limit of one and one-half per centum, and no vote of the people had been taken authorizing a current indebtedness. If the respondent's refusal to countersign the warrant was rightful, the judgment of the superior court must be reversed.

Section 3 of ch. 186, Laws of 1915, p. 669, provides that:

"There shall be in each city of the third class a fund to be known as the 'Current Expense Fund.' Each such city shall levy for the year 1916 and for each

year thereafter a tax upon the property in such city for the payment of current expenses in an amount equal to the estimate by the city council of the current expenses for the ensuing year less the amount of revenues from all other sources payable into such current expense fund, the proceeds of which tax shall be paid into such current expense fund except as otherwise provided in this act. . . ." Rem. Code, § 5140-3.

It will be noted that this section of the statute provides for what is called a "current expense fund," and that there shall be levied for the purposes of such fund a tax upon the property in the city for the payment of "current expenses," the tax to equal the estimate of the city council of the current expenses for the ensuing year, less the amount of revenue from other sources payable into such current expense fund.

It was under this statute that the taxes were levied and the warrant in question was drawn upon the current expense fund. The statute does not undertake to define what may be included within the designation of current expenses. Unless the erection of a city hall and fire station can be held to be a current expense, the respondent was justified in his refusal to counter-sign the warrant.

In *Sheldon v. Purdy,* 17 Wash. 135, 49 Pac. 228, it was said that the building of a new school house did not come within any "authorized signification of current expense." In the *City of South Bend v. Reynolds,* 155 Ind. 70, 57 N. E. 706, it was held that the erection of a city hall was not in any sense an ordinary expense, but was an extraordinary one. In *State ex rel. Reed v. County of Marion,* 21 Kan. 308, it was held that the construction of permanent county buildings was not a current expense. Likewise, in *Babcock v. Goodrich,* 47 Cal. 488, the court was of the opinion that the erection of a county jail was not a current expense. With-

out multiplying citations, it may be said that the rule stated in the cases cited is in accord with the general current of authority. It seems clear that current expenses would not include the erection of a city hall and fire station.

It is not claimed in this case that the city council was performing a function made mandatory by the constitution, or that the city hall and fire station was necessary to maintain the corporate existence of the city of Republic.

Since we have concluded that the erection of a city hall does not come within the designation of current expenses, it becomes unnecessary to consider other questions which were presented in the briefs.

The judgment of the superior court will be reversed, and the cause remanded with directions to dismiss the action.

MITCHELL, MACKINTOSH, and TOLMAN, JJ., concur.

HOLCOMB, C. J., took no part.