JEFFERSON SCHOOL TOWNSHIP *v.* JEFFERSON TOWNSHIP SCHOOL BUILDING COMPANY.

[No. 26,655. Filed October 25, 1937.]

*Church & Chester,* for appellant.

*L. L. Burris* and *G. W. Dausman,* for appellee.

TREANOR, J.—This appeal arises out of a suit by the appellant, Jefferson School Township, against the appellee, Jefferson Township School Building Company, to secure the cancellation of a lease-contract which had been executed by the appellant and appellee as lessee and lessor, respectively.

We are informed by statements in appellant's brief that the complaint contained three paragraphs and that a demurrer was sustained to the first paragraph. This paragraph is set out in the brief together with the demurrer and supporting memorandum.

The errors relied upon by appellant are (1) the trial court's action in sustaining the defendant's demurrer to the first paragraph of the complaint, and (2) the trial court's action in overruling the motion for a new trial. The grounds for a new trial are that the decision of the trial court was not sustained by sufficient evidence and was contrary to law.

We shall first consider the trial court's alleged error in sustaining appellee's demurrer to the first paragraph of appellant's complaint. The material facts of the complaint are as follows: The defendant, The Jefferson Township School Building Company, was organized pursuant to an act of the General Assembly of the State of Indiana[1] for the purpose of erecting a school building which was to be used by the Jefferson School Township, under the terms and conditions of a combined lease and contract. The object of the arrangement entered into

---

1. Acts 1927, ch. 223, p. 645.

between the Jefferson School Township and the Jefferson Township School Building Company was not only to furnish an adequate school building for the school township, but also to enable the school township eventually to become the owner of the building. Under the terms of the lease the Jefferson School Township became lessee for a term commencing on the 1st day of June, 1928, and ending on the 1st day of June, 1954. The lessee covenanted to pay the sum of $4,785 on the 15th day of July, 1929, and the sum of $3,100 on the 15th day of January, 1930; and thereafter to pay on each 15th day of July and January throughout the demised term the sum of $3,000. The lessee also covenanted to pay taxes, to keep the building and improvements insured, and to pay for all repairs, replacements, alterations and improvements that might be made upon the leased property or in respect thereto. It was also provided that in the event the amount of rental payments received by the lessor should at any time exceed the amount necessary to meet the incidental corporate expenses and to pay dividends or interest on the outstanding securities of the lessor, such excess should be used and applied by the lessor in the redemption and cancellation of its outstanding securities at their par value; and in the event the total excess of rental payments should be sufficient to redeem and cancel all of the outstanding securities of the lessor and to pay accrued interest or dividends, the lessor agreed to convey to the lessee all lessor's right, title and interest in and to the premises and property in question.

The lessee, Jefferson School Township, was given an option to purchase the property covered by the lease at any time prior to the expiration of the lease term, such purchase price in no event to exceed the amount actually invested by the lessor corporation. The lease-contract expressly provided that "nothing herein shall be con-

strued to provide for or impose any obligation on the part of the lessee to purchase such school building and property from the lessor, nor to create any obligation of the lessee in respect to any creditor, stockholder or other security holder of the lessor."

The cause attempted to be made by the first paragraph of plaintiff's complaint is that the lease-contract created an indebtedness against the Jefferson School Township in excess of the amount which the school township could incur under the limitations of Article 13 of the Constitution of the State of Indiana.[1a] The amount of indebtedness which the school township could have incurred at the time of the execution of the lease-contract was in round numbers $40,000; and if the facts alleged in the complaint are sufficient to require the conclusion that the Jefferson School Township, by reason of the lease-contract with the Jefferson Township School Building Company, had incurred an indebtedness equal to the total amount of the rentals for the entire term of the lease, it would follow that the complaint states a cause of action for cancellation.

A careful examination of the allegations of the first paragraph of complaint forces the conclusion that the facts alleged fail to show that the Jefferson School Township, by becoming a party to the lease-contract involved in this suit, did incur a present indebtedness in excess of its constitutional debt capacity. It is well settled by the decisions of this state that a contract by a municipal corporation for services or goods to be supplied in the future, and to be paid out of current revenues, is valid despite the corporation's

---

1a. "No political or municipal corporation in this state shall ever become indebted in any manner or for any purpose to an amount in the aggregate exceeding two per centum on the value of the taxable property within such corporation, to be ascertained by the last assessment for state and county taxes, previous to the incurring of such indebtedness; and all bonds or obligations, in excess of such amount, given by such corporations, shall be void."

being indebted to its constitutional limit at the time of making the contract; and it is equally well settled that when a lease is entered into for a term of years "a present indebtedness is not created in the aggregate sum of all the annual payments of rent to become due under the lease, and such a lease-contract, even though it includes an option to purchase the property, does not violate Article 13 of the Constitution, if the annual rental installments, as they become due, do not bring the indebtedness to a point beyond the constitutional limit."[2]

It is urged by appellant that "The bonds so issued by the building company are, because of the execution of the lease by the appellant and the appellee, a present debt of the Jefferson School Township, and the lease is void for the reason that it creates a debt in excess of the limit allowed by the Constitution." There would be merit in the foregoing proposition if the instant case came within the facts and reasoning of *Voss* v. *Waterloo Water Co.* (1904), 163 Ind. 69, 71 N. E. 208. In that case a municipal corporation, through the device of ownership of the common stock of a dummy corporation, proposed to purchase a waterworks plant which would be encumbered by a mortgage debt for a sum in excess of 2% of such corporation's taxable property. This court concluded that the proposed arrangement would impose the mortgage debt upon the municipal corporation and that such arrangement would, if carried out, constitute an evasion of Article 13 of the Constitution of Indiana. We quote the following from the opinion, p. 88: "It (the corporation) is owned and controlled by the town, and the operation and management of said water and light plant are to be under the supervision of the board of trustees of said town, and its engineer or

---

2. *Hively* v. *School City of Nappanee* (1930), 202 Ind. 28, 169 N. E. 51. See also *Valparaiso* v. *Gardner* (1884), 97 Ind. 1; *Board, etc.* v. *Gardner* (1900), 155 Ind. 165, 57 N. E. 908; *City of South Bend* v. *Reynolds* (1900), 155 Ind. 70, 57 N. E. 706.

agent, appointed for that purpose. Under the arrangement shown by the special finding the town would be the real owner of the water and light plant when constructed. The Waterloo Water Company is merely a dummy corporation, owned by the town, but making contracts and incurring liabilities which it is admitted the town can not make or incur in its own name without violating the provisions of the Constitution restricting its power to become indebted. In other words, the town is attempting to do by a corporation practically owned by it what it has no power to do, and is prohibited from doing. Said arrangement is a palpable violation of said Article 13 of the Constitution, for what a town can not do directly it can not do indirectly through a dummy corporation controlled and practically owned by it. The Constitution can not be evaded in this manner."

But in the instant case the only relation existing between Jefferson School Township and Jefferson Township School Building Company is that of lessor and lessee. It is obvious that complete compliance by the Jefferson School Township with the terms of the lease will enable the township school corporation eventually to become the owner of the school building. But this does not change the nature of the obligation incurred under the lease-contract insofar as the nature of the obligation relates to the question of the amount of the indebtedness. In the Waterloo Company case, *supra,* this court decided that under the proposed plan the municipality immediately became the owner of the waterworks plant which was subject to the mortgage debt, while in the instant case the municipality can not become the owner of the building in question except through the performance of its obligations under the lease and only when all obligations of the building corporation, in respect to the building, would

be discharged. We are of the opinion that the arrangement in the instant case fairly comes within the case of *South Bend* v. *Reynolds, supra.*

The appellant strongly urges that the case of *Hively* v. *School City of Nappanee, supra,* is controlling in the instant case, but we are of the opinion that the allegations of the complaint of that case, as revealed by the opinion, are materially different from the facts disclosed by the allegations of the first paragraph of the complaint in the instant case. The opinion of this court in the Hively case indicates that the complaint contained, among other allegations, the following: (1) that the annual rentals provided for in the lease were in excess of a fair and reasonable rental for the school building, and that said payments so reserved were "in truth and in fact, payments of a part of the purchase price for said school building"; (2) that the lease was entered into by and between the school city and the building company for the purpose of evading the Constitution and thereby causing the school city to become indebted in an amount in excess of its constitutional limit; (3) that by the execution of the lease contracts "the city of Nappanee became indebted to the Nappanee building company in the total sum of $180,300," which, together with the existing indebtedness of the school city of Nappanee, exceeded the 2% limit of indebtedness permitted by Article 13 of the Constitution of Indiana.

In the Hively case this court, as indicated by its opinion, believed that the allegations of the complaint, taken together with the terms of the lease-contract, disclosed an arrangement for the purchase of property which was pledged for the payment of an indebtedness, and that failure of the school corporation to pay the indebtedness under the guise of rental would result in the school corporation losing its own property; and the court concluded that the contract "was entered into for

the purposes of evading the mandate of the Constitution, and of doing indirectly, through the plan and through the corporation provided for by the act, that which could not be done directly." We assume that the foregoing statement of the court's conclusion was intended to mean that the arrangement between the school corporation and the school building company created an indebtednesses equal to the sum total of all annual rental payments. We do not question the soundness of that conclusion in view of the positive allegation of the complaint in the Hively case that "The city of Nappanee became indebted to the Nappanee building company in the total sum of $180,300, which, together with the present indebtedness of said' school city of Nappanee, is in excess of the two per cent limit of indebtedness . . ." While such allegation is a general conclusion of fact, it is good as against demurrer, in the absence of a motion to make more specific.

In the Hively case considerable emphasis was placed upon the allegation of the complaint that the annual rental payments were in excess of a fair rental and that the excess above a fair rental payment was to be applied to the purchase price of the building. This court cannot say what would constitute a fair rental value of the property involved in the instant suit. The complaint assumes that the Jefferson School Township could not incur an indebtedness sufficiently large to construct an adequate building. The Jefferson Township School Building Company undertook to construct a building which was peculiarly adapted to the needs of the school corporation and which would be of very doubtful market value at the time of its construction and of little or no market value if the school corporation should discontinue its use after a few years' occupancy. Obviously a fair rental value from the standpoint of the building company would be

much higher than the fair rental value of a building easily adapted to various business uses and requiring the same amount of investment as the school building. Since at the end of the twenty-five years term the school building would be worth practically nothing to the building company, and unless removed would become the property of the Jefferson School Township, it is clear that a fair rental value during the twenty-five years term should produce an amount sufficient to return the sum actually invested, with a reasonable rate of interest thereon. The fact that the building company was willing to give the school building to the Jefferson School Township when the building company had been paid an amount equal to its investment and a reasonable return thereon does not change the lease-contract into a contract to purchase. It is true that the Jefferson School Township, through the device of a long term lease providing for annual rental payments, may become the owner of a school building which, in view of Article 13 of the State Constitution, it could not have acquired in 1928 by issuing bonds. But it does not follow that either the arrangement or the result constitutes an evasion of the limitations of Article 13 of the State Constitution. The lease-contract is not in contravention of Article 13 unless it necessarily created a legally enforceable debt obligation for an amount in excess of the amount permitted by Article 13.

The following statement of this court in the case of *City of South Bend* v. *Reynolds, supra,* is applicable to the facts of this case as stated in the first paragraph of the complaint. "Under said contract the city is under no obligation whatever to pay anything for the erection of said building or to purchase the same when erected. If it should attempt to exercise its option to purchase said building, but can not

do so without violating the constitutional limitation as to becoming indebted, it may be enjoined from exercising such option. No facts are alleged in the complaint showing that the current revenues of the city will not be sufficient to pay the indebtedness for rent under said contract each year when the same comes into existence, including all other expenses for which the city is liable. The allegations of the complaint do not show, therefore, that said contract creates any indebtedness in violation of the Constitution." Citing *Cason* v. *City of Lebanon* (1899), 153 Ind. 567, 55 N. E. 768.

As indicated by the foregoing discussion we are of the opinion that the first paragraph of plaintiff's complaint does not state a cause of action for the cancellation of the lease-contract entered into between the Jefferson School Township and the Jefferson Township School Building Company, and we hold that the trial court did not err in sustaining the defendant's demurrer to such first paragraph of complaint.

The remaining error relied upon by appellant was the trial court's action in overruling its motion for a new trial. The grounds set out are that the decision of the trial court was not sustained by sufficient evidence and was contrary to law. Appellant's brief states that issues were joined upon the second and third paragraphs of the complaint by answers in general denial, but does not set out in his brief either copies, or the substance, of the second and third paragraphs. Appellant, by failure to incorporate in its brief either copies, or the substance, of the second and third paragraphs of complaint has waived consideration of the alleged error in overruling the motion for a new trial, since, without at least the substance of the paragraphs of complaint before us we cannot determine the merits of appellant's contention that the decision of the trial

court was not sustained by sufficient evidence and was contrary to law.

Finding no reversible error, the judgment of the trial court is affirmed.