BECKER ET AL. v. ALBION-JEFFERSON SCHOOL CORPORATION ET AL.

[No. 29,291. Filed February 21, 1956.]

*Hugh Sanders, Edgar W. Atkinson,* both of Auburn, and *R. W. Probst,* of Kendallville, for appellants.

*G. Kenneth Hubbard,* of Angola, for appellee, Albion-Jefferson School Corporation.

*Charles C. Fraze,* of Albion, for appellee, Albion-Jefferson School Building Corporation.

*Robert D. McCord, Harry T. Ice, David N. Brewer, Robert D. Risch,* and *Ross, McCord, Ice & Miller,* (of counsel), all of Indianapolis, Amicus Curiae.

BOBBITT, C. J.—Plaintiffs-appellants sought a permanent injunction against defendants-appellees to prevent them from carrying out any of the terms and conditions of a certain lease agreement entered into under the provisions of Acts 1947, ch. 273, as amended by ch. 177 of the Acts of 1949 and ch. 273 of the Acts of 1951, being §§28-3220 to 28-3232, Burns' 1948 Replacement (1955 Cum. Supp.), and to have said lease declared illegal and void.

Only two questions are presented for our consideration:

1. Is the provision in the statute authorizing the sale of real estate by the Albion-Jefferson School Corporation to Albion-Jefferson School Building Corporation in violation of Article 1, section 23 of the Constitution of the State of Indiana?

2. Does the lease between Albion-Jefferson School Building Corporation and Albion-Jefferson School Corporation create a debt and obligation of the Consolidated School Corporation in excess of 2% of the value of taxable property within the Consolidated School Corporation in violation of Article 13, section 1 of the Constitution of the State of Indiana?

*First:* Appellants assert that §4 of ch. 273 of the Acts of 1951, being §28-3227, Burns' 1948 Replacement, (1955 Cum. Supp.)[1] violates Article 1, of section 23 of

1. The lessor corporation shall acquire, own and hold in fee simple the land on which such building or buildings is to be erected. Any school corporation proposing to lease such school building or buildings, either alone or jointly with another school corporation, and owning the land on which it desires that such building or buildings be erected may and is hereby authorized

the Constitution of Indiana because it grants a special privilege to the building corporation organized under the act which is not available to any other person or corporation.

School corporations are authorized by statute[2] to acquire land for school purposes. This is a public purpose.

Article 8, section 1, of the Constitution of Indiana imposes a duty upon the General Assembly ". . . to provide, by law, for a general and uniform system of Common Schools, wherein tuition shall be without charge, and equally open to all." When the legislature was confronted with a condition where certain common school corporations were unable under the then existing laws to provide and maintain neces-

to sell and transfer to the lessor corporation such land in fee simple. Before such sale may take place, the governing body of the school corporation shall file a petition with the circuit court of the county in which the school corporation is located, requesting the appointment of three (3) disinterested freeholders of the school corporation as appraisers to determine the fair market value of such land. Upon their appointment, the three [3] appraisers shall proceed to fix the fair market value of such land and shall report the amount so fixed to the circuit court within two (2) weeks from the date of their appointment. The school corporation may then sell such land to the lessor corporation for an amount not less than the amount so fixed as the fair market value by the three (3) appraisers, which amount shall be paid in cash upon delivery of the deed by the school corporation to the lessor corporation; provided, however, that if such land was acquired by the school corporation within three (3) years immediately preceding the date of the filing of the petition with the circuit court, such land may not be sold for an amount less than the amount paid by the school corporation for such land. (Section 28-3227, Burns' 1955 Cum. Supp.)

2. Acts 1899, ch. 192, §1, p. 424, as amended by Acts 1901, ch. 224, §1, p. 514, being §28-2410, Burns' 1948 Replacement; Acts 1945, ch. 257, §1, p. 1178, as amended by Acts 1949, ch. 91, §1, p. 232, as amended by Acts 1953, ch. 142, §1, p. 463, being §28-2421, Burns' 1948 Replacement (1955 Cum. Supp.).

sary and adequate school facilities, it had the power and authority, under the above provision of the Constitution, to provide that school corporations, owning land which had been purchased for school purposes, could sell it to a private corporation, which would provide the needed building or buildings and lease them to such school corporation, as a means of providing necessary buildings and facilities for school purposes.[3]

The purpose of the provision of the act,[4] that property owned by the school corporation should not be sold to any person or corporation other than one formed solely for the purpose of erecting a school building and leasing it to the school corporation, is not to extend a special privilege to any person that is not extended to all upon the same terms, but to assure the public use of the property as originally intended at the time of purchase by the school corporation.

Article 1, section 23 of the Constitution of Indiana is not violated because the legislature has prescribed a certain type of corporation which must be organized to provide school facilities under the terms of the act, because the legislature is ". . . the judge of the agencies it will employ for public ends and purposes." *Bullock* v. *Billheimer* (1911), 175 Ind. 428, 440, 94 N. E. 763, and cases there cited.

The act here under consideration confers no privilege upon any person or group of persons in the organization of a holding corporation thereunder, neither does the law limit the number of corporations which may be

3. Acts of 1951, ch. 273, §4, p. 810, being §28-3227, Burns' 1948 Replacement (1955 Cum. Supp.).

4. Acts 1947, ch. 273, §2, p. 1087, being §28-3221, Burns' 1948 Replacement. See: *Foltz* v. *City of Indianapolis* (1955), 234 Ind. 656, 130 N. E. 2d 650, for right of municipal corporation to lease or sell land which was acquired for public purpose.

organized and negotiate for the furnishing of school facilities required in any community. We find no conflict with any of the provisions of Article 1, section 23 of the Constitution of Indiana.

*Second:* In *Protsman* v. *Jefferson-Craig Consol. School Corp.* (1953), 231 Ind. 527, 109 N. E. 2d 889, this court had before it the validity of a lease similar to the one in the case at bar. The facts in the Protsman case were similar to those in this case, in all material respects, and the same issues were there presented as are here present.

At p. 532 of 231 Ind. we said:

". . . a municipal corporation may lawfully contract for necessary services over a period of years and agree to pay therefor in periodic installments as the services are furnished. In such cases the aggregate of the amounts to be paid as the services are rendered under such contracts are not considered as an indebtedness of such corporation, and such contracts are not rendered invalid by the fact that the aggregate of the installments exceeds the debt limitation."

See also: *The City of Valparaiso et al.* v. *Gardner* (1884), 97 Ind. 1; *Crowder et al.* v. *The Town of Sullivan et al.* (1891), 128 Ind. 486, 28 N. E. 94, 13 L. R. A. 647; *Foland* v. *The Town of Frankton et al.* (1895), 142 Ind. 546, 41 N. E. 1031; *Seward* v. *The Town of Liberty* (1895), 142 Ind. 551, 42 N. E. 39; *City of South Bend* v. *Reynolds* (1900), 155 Ind. 70, 57 N. E. 706, 49 L. R. A. 795; *Board, etc.* v. *Gardner* (1900), 155 Ind. 165, 57 N. E. 908; *Jefferson School Twp.* v. *Jefferson Twp. S. Bldg. Co.* (1937), 212 Ind. 542, 10 N. E. 2d 608; *Book* v. *Indianapolis-Marion Building Authority* (1955), 234 Ind. 250, 126 N. E. 2d 5.

No good reason has been advanced here why the rule followed in these cases should be disturbed. The lease

here in question does not create a debt in violation of Article 13, section 1 of the Constitution of Indiana.

For the above reasons the judgment of the trial court is not contrary to law and it will be affirmed.

Judgment affirmed.

Landis, Arterburn, Achor and Emmert, JJ., concur.

NOTE.—Reported in 132 N. E. 2d 269.