KEES ET AL. *v.* SMITH, AS TRUSTEE OF SPRINGFIELD SCHOOL TOWNSHIP, ALLEN COUNTY ET AL.

[No. 29,431. Filed October 18, 1956.]

*Hoffman & Hoffman,* of Fort Wayne, and *Edgar W. Atkinson,* of Auburn, for appellants.

*Arthur H. Fruechtenicht,* of Fort Wayne, for appellees.

LANDIS, C. J.—Appellants brought suit as taxpayers of Springfield Township, Allen County, Indiana, to enjoin appellees, the Trustee of Springfield School Township and the Springfield Township School Building Corporation, from carrying out the provisions of a certain lease for a school building, and asking that said lease be declared void and of no effect.

The trial court entered finding and judgment that appellants take nothing under the complaint, and appellants have appealed from such judgment to this court.

Appellants first contend it was unconstitutional for appellee school township, pursuant to Section 4, ch. 273, p. 810, of the Acts of 1951, Burns' Indiana Statutes, §28-3227, 1948 Repl. (1955 Cum. Supp.), to attempt to sell to appellee school building corporation, certain real estate which said school township owned, appellants contending this violates Art. 1, §23, of the Constitution of Indiana, providing:

> "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

Appellants' contention that the acquiring of land by a school building corporation from a school township under this statute, being exclusive in its nature, granting a special privilege to the school building corporation in violation of the above constitutional provision, is repudiated by the recent decision of the court in *Becker* v. *Albion-Jefferson School Corporation* (1956), 235 Ind. 204, 132 N. E. 2d 269, as it was there stated at page 271:

> "The purpose of the provision of the act, that property owned by a school corporation should not be sold to any person or corporation other than one formed solely for the purpose of erecting a school building and leasing it to the school corporation, is not to extend a special privilege to any person that is not extended to all upon the same terms, but to assure the public use of the property as originally intended at the time of purchase by the school corporation.
>
> "Article 1, §23 of the Constitution of Indiana is not violated because the legislature has prescribed a certain type of corporation which must be organized to provide school facilities under the terms of the act, because the legislature is '. . . the judge of the agencies it will employ for public ends and purposes.' *Bullock* v. *Billheimer* (1911), 175 Ind.

428, 440, 94 N. E. 763, 768, and cases there cited. ". . . We find no conflict with any of the provisions of Article 1, §23 of the Constitution of Indiana."

We accordingly hold against appellants' first contention.

Appellants' second contention on this appeal is that the purported lease attempts to authorize appellee school township to create an indebtedness in excess of the two per cent limitation imposed by Section 1, Article 13 of the Constitution of Indiana.[1] Appellant concedes the annual rental of $28,500 does not exceed two per cent of the assessed valuation of $2,799,560, which is $55,991.20, but contends the aggregate rental for thirty years is, in reality, the debt incurred, and violates the two per cent constitutional limitation above mentioned.

Appellants' contention is refuted by the case of *Protsman* v. *Jefferson-Craig Consol. School Corp.* (1953), 231 Ind. 527, 536, 109 N. E. 2d 889, which quoted from *Jefferson School Twp.* v. *Jefferson Twp. S. Bldg. Co.* (1937), 212 Ind. 542, 551, 10 N. E. 2d 608, as follows:

" 'The fact that the building company was willing to give the school building to the Jefferson

---

1. "No political or municipal corporation in this State shall ever become indebted in any manner or for any purpose to an amount in the aggregate exceeding two per centum on the value of the taxable property within such corporation, to be ascertained by the last assessment for State and county taxes, previous to the incurring of such indebtedness; and all bonds or obligations, in excess of such amount, given by such corporations, shall be void: Provided, That in time of war, foreign invasion, or other great public calamity, on petition of a majority of the property owners, in number and value, within the limits of such corporation, the public authorities, in their discretion, may incur obligations necessary for the public protection and defense, to such an amount as may be requested in such petition." Article 13, § 1, Constitution of Indiana.

School Township when the building company had been paid an amount equal to its investment and a reasonable return thereon does not change the lease-contract into a contract to purchase. It is true that the Jefferson School Township, through the device of a long term lease providing for annual rental payments, may become the owner of a school building which, in view of Article 13 of the State Constitution, it could not have acquired in 1928 by issuing bonds. But it does not follow that either the arrangement or the result constitutes an evasion of the limitations of Article 13 of the State Constitution. The lease-contract is not in contravention of Article 13 unless it necessarily created a legally enforceable debt obligation for an amount in excess of the amount permitted by Article 13.' "

See also: *Becker* v. *Albion-Jefferson School Corporation* (1956), *supra,* citing the *Protsman* v. *Jefferson-Craig Consol. School Corp.* (1953), *supra,* case.

Not only is the Indiana law well settled as above stated, but the recent cases on the point from other jurisdictions, as stated in the Protsman case on page 540 of 231 Ind., and page 894 of 109 N. E. 2d:

" '. . . tend to confirm the general principle . . . that the leasing of property by a city, county, or other political subdivision, with an option to purchase the same, does not give rise to an indebtedness or liability of the public body for the stipulated optional purchase price or for the aggregate of all the rentals for the entire term, provided the instrument is in fact a lease, and not a contract of purchase on the instalment plan.' " See 145 A. L. R. 1362.

As appellants' contentions are without merit, the judgment of the lower court is affirmed.

Achor, Arterburn, Bobbitt and Emmert, J.J., concur.

NOTE.—Reported in 137 N. E. 2d 541.